BRADFORD V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO.  2-03-277-CR

RODERICK LAMONT BRADFORD APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 213TH DISTRICT COURT OF TARRANT COUNTY

------------

OPINION

------------

Introduction

Appellant Roderick Lamont Bradford appeals from his conviction for capital murder.  In two points, Appellant argues that the trial court erred by failing to charge the jury on the lesser included offenses of aggravated robbery and robbery and by admitting evidence of gang activity.  We affirm.

Factual and procedural background

Because Appellant does not challenge the sufficiency of the evidence, we will limit our review of the facts to those necessary to put Appellant’s two points in context.

A jury convicted Appellant of the March 14, 2002 shooting death of Tadese Gobena while robbing the convenience store Gobena owned and operated on Tierney Road in Fort Worth.  Curtis Lewis testified that on the day after the killing, Appellant told Lewis that he and Siquan “Ta-Dow” Templeton had robbed a store on Tierney Road.  Appellant told Lewis that he had shot the store owner in the leg and that Ta-Dow then took the gun and shot the man two more times as he begged for his life.  

Police arrested Appellant a few days after the shooting in connection with an unrelated incident.  When questioned about Gobena’s murder, Appellant gave police three written statements.  In his first statement, Appellant denied any direct knowledge of the crime and even claimed that he did not know which convenience store had been robbed.  In his second statement,  Appellant stated that he knew Ta-Dow and others were planning to rob a store with a handgun but denied having participated in the crime.  In his third statement, Appellant claimed that he was ordered by an “OG” (“original gangster,” a senior street gang member) to monitor the robbery and report back to the OG if the perpetrators “didn’t make it.”  Appellant claimed that he did nothing more than watch the robbery from his car parked across the street and left when the first police officers arrived at the crime scene.  He further claimed that he did not even know what store was to be robbed until he saw the perpetrators enter Gobena’s store.

Eventually, a grand jury indicted Appellant for capital murder.  His case was tried to a jury.  The trial court charged the jury on capital murder, murder, and the law of parties.  Appellant requested charges on the lesser included offenses of robbery and aggravated robbery, but the trial court denied his request.  The jury convicted Appellant of capital murder.  At the punishment phase of trial, the jury found mitigating circumstances that warranted life imprisonment rather than the death penalty, and the trial court sentenced Appellant to life in prison.  This appeal followed.

Discussion

Lesser included offenses

In his first point, Appellant argues that the trial court erred by failing to charge the jury with the lesser included offenses of robbery and aggravated robbery.  We disagree.

To determine whether a jury must be charged on a lesser included offense, we apply a two-step analysis.  
Moore v. State
, 969 S.W.2d 4, 8 (Tex. Crim. App. 1998).  The first step is to decide whether the offense is a “lesser included offense” as defined in article 37.09 of the code of criminal procedure.  
Tex. Code Crim. Proc. Ann.
 art. 37.09 (Vernon 1981); 
Moore
, 969 S.W.2d at 8.  “An offense is a lesser included offense if . . . it is established by proof of the same or less than all the facts required to establish the commission of the offense charged.”  
Tex. Code Crim. Proc. Ann
. art. 37.09(1).  Robbery, which requires a person to intentionally, knowingly, or recklessly cause bodily injury to another in the course of committing theft, and aggravated robbery (which is “robbery” with the additional element of use or exhibition of a deadly weapon) may be lesser included offenses of capital murder.
  Tex. Penal Code Ann 
§§ 29.02, 29.03 (Vernon 2003);
 see Martinez v. State, 
131 S.W.3d 22, 39 (Tex. App.—San Antonio 2003, no pet.);
 Quintanilla v. State, 
40 S.W.3d 576, 579 (Tex. App.—San Antonio 2001, pet. ref’d).  Consequently, the first prong of the test is satisfied.

Second, some evidence must exist in the record that would permit a jury to rationally find that if the defendant is guilty, he is guilty only of the lesser offense.  
Rousseau v. State
, 855 S.W.2d 666, 672-73 (Tex. Crim. App.), 
cert. denied
, 510 U.S. 919 (1993);
 Royster v. State
, 622 S.W.2d 442, 446 (Tex. Crim. App. 1981). The credibility of the evidence and whether it conflicts with other evidence or is controverted may not be considered in determining whether the lesser included offense should be submitted.  
See Gadsden v. State
, 915 S.W.2d 620, 622 (Tex. App.—El Paso 1996, no pet.).  Regardless of its strength or weakness, if more than a scintilla of evidence raises the issue that the defendant was guilty only of the lesser offense, the charge must be given. 
Bignall v. State, 
887 S.W.2d 21, 23 (Tex. Crim. App. 1994); 
Saunders v. State
, 840 S.W.2d 390, 391 (Tex. Crim. App. 1992).  

Nevertheless, an accused is guilty only of a lesser included offense if there is evidence that affirmatively rebuts or negates an element of the greater offense or if the evidence is subject to different interpretations, one of which rebuts or negates the crucial element.  
See Schweinle v. State
, 915 S.W.2d 17, 19 (Tex. Crim. App. 1996); 
Ramirez v. State
, 976 S.W.2d 219, 226-27 (Tex. App.—El Paso 1998, pet. ref’d).  It is not enough that the jury may disbelieve crucial evidence pertaining to the greater offense.  
See Skinner v. State
, 956 S.W.2d 532, 543 (Tex. Crim. App. 1997),
 cert. denied
, 523 U.S. 1079 (1998).  A charge on the lesser offense is not required if a defendant’s evidence suggests that he committed no offense at all. 
 
Saunders v. State
, 840 S.W.2d 390, 392 (Tex. Crim. App. 1992);
 Ham v. State, 
855 S.W.2d 231, 234 (Tex. App.—Fort Worth 1993, no pet.)
.

Appellant relies on his third written statement to police to justify inclusion of the lesser included offenses of robbery and aggravated robbery in the jury charge.  According to that statement, Appellant was ordered by the OG simply to watch the robbery and report back to the OG if the perpetrators “didn’t make it.”  Appellant watched the perpetrators enter and leave the store and then left the scene.  Significantly, nothing in Appellant’s statement suggests that he conspired to commit the crime or participated in the robbery as a party.  According to Appellant, he did not plan or take part in the robbery, was not there to act as a lookout for the perpetrators, and did not help them escape.  Appellant’s third statement does not show that, if he was guilty of anything, he was guilty only of the lesser included offenses of robbery or aggravated robbery; rather, according to his own statement, Appellant committed no offense at all.  Therefore, the trial court did not err by refusing to charge the jury on the lesser included offenses.  We overrule Appellant’s first point.

Evidence of gang involvement

In his second point, Appellant argues that the trial court erred by allowing a police officer to testify about the nature, structure, and activities of criminal street gangs generally and the “Truman Street Blood” gang specifically.  We disagree.

We review the trial court’s decision to admit or exclude evidence under an abuse of discretion standard.  
Burden v. State
, 55 S.W.3d 608, 615 (Tex. Crim. App. 2001); 
Green v. State
, 934 S.W.2d 92, 101-02 (Tex. Crim. App. 1996), 
cert. denied
, 520 U.S. 1200 (1997); 
Montgomery
 
v. State
, 810 S.W.2d 372, 379-80 (Tex. Crim. App. 1990).  The test for abuse of discretion is not whether, in the opinion of the reviewing court, the facts present an appropriate case for the trial court’s action; rather, it is a question of whether the court acted without reference to any guiding rules or principles, and the mere fact that a trial court may decide a matter within its discretionary authority differently than an appellate court does not demonstrate such an abuse.  
Montgomery
, 810 S.W.2d at 391 (op. on reh’g).  We will not reverse a trial court’s ruling on the admission of evidence as long as the ruling is within the zone of reasonable disagreement.  
Id
.  An appellate court will uphold the trial court’s ruling if it is reasonably supported by the record and is correct under any theory of law applicable to the case.  
See Brito Carrasco v. State
, 154 S.W.3d 127, 129 (Tex. Crim. App. 2005); 
Willover v. State
, 70 S.W.3d 841, 845 (Tex. Crim. App. 2002).  The review of the trial court’s ruling is made “in light of what was before the trial court at the time the ruling was made.”  
See Brito Carrasco
, 154 S.W.3d at 129; 
Weatherred v. State
, 15 S.W.3d 540, 542 (Tex. Crim. App. 2000).

Evidence of gang affiliation is relevant to show a motive for a gang-related crime.  
Vasquez v. State
, 67 S.W.3d 229, 239 (Tex. Crim. App. 2002).  Likewise, rule 404(b) expressly provides that evidence of other crimes may be admissible to prove motive.  
Tex. R. Evid.
 404(b).

Over Appellant’s rule 403 and 404(b) objections, the trial court allowed Officer Wafeeq Sabire of the Fort Worth Police Department’s gang unit to testify about the hierarchy of, and promotion within, the Truman Street Bloods, a criminal street gang operating in Fort Worth.  Appellant points specifically to the following testimony as erroneously admitted:

Q. Can people earn what’s called stripes in a gang?

A. Yes.

Q. How do you earn stripes?

A. Going out and committing criminal acts.  Most of those acts can be misdemeanor acts but the OG [senior gangster] status is not claimed until you have committed an attempted murder or murder type offense, usually a very violent offense.

Q. Can it include a robbery?

A. Yes. 

On appeal, Appellant concedes that 
some
 testimony regarding his membership in the Truman Street Bloods was relevant but argues that Sabire’s testimony was irrelevant and inadmissible character conformity evidence under rule 404(b).

Several witnesses testified that Appellant and Ta-Dow were members of the Truman Street Bloods.  Appellant himself asserted in his third written statement that he was acting under orders from his gang’s OG.  Sabire’s testimony about gang hierarchy and promotion was not just relevant but essential to put Appellant’s statement and the gang-related testimony of other witnesses into context.  His testimony suggested a motive for Gobena’s slaying that would otherwise remain hidden.

We hold that the trial court did not abuse its discretion by admitting Sabire’s testimony over Appellant’s relevancy and rule 404(b) objections.  We overrule Appellant’s second point.

Conclusion

Having overruled both of Appellant’s points, we affirm the judgment of the trial court.  
See 
Tex. R. App. P.
 43.2(a).

ANNE GARDNER

JUSTICE

PANEL F: LIVINGSTON, HOLMAN, and GARDNER, JJ.

PUBLISH

DELIVERED:  November 3, 2005