In The

Court of Appeals

For The

First District of Texas

____________


NO. 01-07-0090-CR

____________


ROBERT C. JORDAN, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 176th District Court 

Harris County, Texas

Trial Court Cause No. 1038478




MEMORANDUM OPINION


 A jury convicted appellant, Robert C. Jordan, of capital murder. Because the
State did not seek the death penalty, the trial court assessed punishment at
confinement for life. In two points of error, appellant contends that the trial court
erred by refusing to: (1) give a jury instruction on the lesser-included offense of
aggravated robbery, and (2) allow the defendant to reopen the case before the
charge was read to the jury.

BACKGROUND

 On the night of August 6, 2005, Lang Dang and her husband, Bac Van Deo,
were visiting Lang Dang's cousin, Pham Nguyen, at a Citgo convenience store
owned by Nguyen. Lang Dang and Bac Van Deo were helping out behind the
register when several men, who were screaming and carrying guns, ran into the
store. The men's faces were covered by bandanas; they were all wearing latex
gloves; and at least two carried handguns.

 Lang Dang testified that the first man through the door grabbed her
husband's hair, pointed a gun at his neck, and dragged him out from behind the
counter. Another man grabbed Lang Dang and also pulled her from behind the
counter. As Lang Dang and Bac Van Deo held each other while crouched on the
floor, two of the men began beating them with guns, and shouting at them. Lang
Dang had trouble understanding what the men were yelling, but she heard the
words "key" and "money." Lang Dang then saw a flash of light and a loud noise
as one of the men shot her husband in the neck. Lang Dang testified that the man
who shot her husband was the first man to come in the store and that the man was
wearing black pants. She also testified that the man who shot Bac Van Deo was
not the same man who was beating her.

 After police arrived at the scene, Bac Van Deo was transported to the
hospital, where he died the next day from a gunshot wound. A .45 caliber bullet
was recovered from his chest. At the scene, police recovered a fired .45 caliber
casing and a live .45 caliber cartridge.

 Police obtained the surveillance video from the store, had still photos made
from the video, and gave the still photos to CrimeStoppers. Through
CrimeStoppers, police developed several suspects, including appellant and Corey
Linzer. One of the photos shows that appellant was the first man to enter the store. 
Another photo shows that appellant was the man who grabbed Bac Van Deo and
put a gun to his head. Based on this evidence, the police obtained a warrant for
appellant's arrest. 

 On August 23, 2005, appellant was arrested, and he gave a videotaped
statement to the police. In his statement, appellant admitted that he and the other
men planned to rob the store. Appellant said that a man named "Corian" was their
lookout. Appellant also admitted that he was carrying his .45 caliber pistol with
him, that he was wearing black shorts, and that he was the first man to enter the
store. However, appellant said he beat the lady with the pistol, but did not shoot
the man.

 Police also arrested Corey Linzer, who, in return for a plea bargain for 20
years' confinement on an aggravated assault charge, agreed to testify at appellant's
trial. Linzer testified that he, appellant, Tim Johnson, and Daniel Johnson planned
to rob the Citgo store. Appellant was carrying a .45 caliber gun and Tim Johnson
was carrying a .38 caliber gun. All four men wore latex gloves. Linzer testified
that appellant entered the store, followed by Tim Johnson. Linzer looked at the
surveillance photos and testified that appellant was wearing a white shirt and black
shorts and Tim Johnson was wearing a black shirt and red pants. Linzer testified
that he remained near the door acting as a lookout. Linzer testified that he looked
over and saw appellant pointing his gun at a man and demanding to know the
location of the safe. Linzer had turned back to look at the parking lot when he
heard a gunshot. When he looked back, he saw appellant picking up shell casings
on the floor near the man who had been shot. The men then grabbed the cash
registers and ran out of the store. Linzer testified that, as the men were driving
away, appellant said that he shot the man because he was speaking in another
language.

LESSER-INCLUDED OFFENSE INSTRUCTION


 In point of error one, appellant contends that the trial court erred by refusing
to charge the jury on the lesser included offense of aggravated robbery. 
Specifically, appellant argues that "[g]iven the lack of direct evidence that [he] was
involved in the murder and his testimony that he struck the complainant's wife
after she refused to give him money, there was evidence that he was guilty only of
aggravated robbery."

 In determining whether a defendant is entitled to a charge on a lesser
included offense, this Court must consider all the evidence presented. Bignall v.
State, 887 S.W.2d 21, 23 (Tex. Crim. App. 1994); Lugo v. State, 667 S.W.2d 144,
147 (Tex. Crim. App. 1984); Jones v. State, 921 S.W.2d 361, 364 (Tex. App.-
Houston [1st Dist.] 1996, pet. ref'd). Anything more than a scintilla of evidence is
sufficient to entitle a defendant to a lesser charge. Bignall, 887 S.W.2d at 23. 

 This Court must apply a two-prong test for determining whether a defendant
is entitled to a charge on a lesser included offense. See Rousseau v. State, 855
S.W.2d 666, 673 (Tex. Crim. App. 1993. First, the lesser included offense must be
included within the proof necessary to establish the offense charged. Id. Second,
some evidence must exist in the record that would permit a jury rationally to find
that if the defendant is guilty, he is guilty of only the lesser offense. Id. (emphasis
added).

 Appellant meets the first prong of the test. Aggravated robbery may be a
lesser included offense of capital murder. See Bradford v. State, 178 S.W.3d 875,
877 (Tex. App.--Fort Worth 2005, pet. ref'd).

 However, appellant fails the second prong. The charge in this case included
a charge on criminal conspiracy, which provided as follows:

 If, in the attempt to carry out a conspiracy to commit one felony,
another felony is committed by one of the conspirators, all
conspirators are guilty of the felony actually committed, though
having no intent to commit it, if the offense was committed in
furtherance of the unlawful purpose and was one that should have
been anticipated as a result of the carrying out of the conspiracy.


 When, as here, a defendant is charged with a conspiracy theory of liability
for murder in the course of a robbery, the second prong is met only if there is
evidence in the record showing either (1) there was no murder, (2) the murder was
not committed in furtherance of a conspiracy, or (3) the murder should not have
been anticipated. Solomon v. State, 49 S.W.3d 356, 369 (Tex. Crim. App. 2001).

 First, appellant presents no evidence, and none was otherwise apparent in
our review of the record, to indicate that the killing was anything other than a
murder. The evidence shows that Bac Van Deo was pistol-whipped, then shot,
either by appellant or one of his conspirators, as they demanded money and the
location of the safe. Even though both appellant and Linzer testified that they did
not enter the store with a plan to kill anyone, there is no evidence that the shooting
was unintentional. 

 Second, there is undisputed evidence from both appellant and Linzer that
they conspired to commit an armed robbery at the Citgo store.

 Finally, there is no evidence that the murder should not have been
anticipated. Undisputed evidence from both appellant and Linzer shows that the
conspirators entered the store armed with guns. Appellant's knowledge that a
handgun would be used in the robbery is evidence that he should have anticipated
that a death could result from the robbery. See Longoria v, State, 154 S.W.3d 747,
757 n.7, (Tex. App.--Houston [14th] Dist. 2004, pet. ref'd) (citing Tippitt v. State,
41 S.W.3d 316, 324-25 (Tex. App.--Fort Worth 2001, no pet.) (listing cases
holding that proof of knowledge that a gun would be used in a robbery supported
finding that resulting murder should have been anticipated)). 

 Because appellant fails to meet the second prong of the Rousseau test, the
trial court did not err in refusing appellant's request for a charge on the lesser
included offense of aggravated robbery.

 Accordingly, we overrule point of error one.

REQUEST TO REOPEN TESTIMONY


 In his second point of error, appellant argues that the judge erred by failing
to grant his request to reopen the case to allow further testimony from Corey
Linzer. We disagree. 

 Texas Code of Criminal Procedure section 36.02 provides, "The court shall
allow testimony to be introduced at any time before the argument of a cause is
concluded, if it appears that it is necessary to a due administration of justice." Tex.
Code Crim. Proc. Ann. art. 36.02 (Vernon 2007). A "due administration of
justice" means a judge should reopen the case if the evidence would materially
change the case in the proponent's favor. Peek v. State, 106 S.W.3d 72, 79 (Tex.
Crim. App. 2003). The proffered evidence must be more than relevant; it "must
actually make a difference in the case." Id. We review the trial court's decision on
a motion to reopen for an abuse of discretion. See id. 

 Corey Linzer testified twice during the trial. First, the State called him as a
witness. Linzer testified that, in the car after the murder, appellant admitted
shooting a man because he was speaking another language. Linzer also testified
that several weeks after the murder, he gave a statement to police. He testified that
he did not remember what he told the officers because he was high at the time. 
Defense counsel cross-examined Linzer, but did not ask any questions about the
statement Linzer had given police.

 The defense later recalled Linzer during its case-in-chief. Defense counsel
asked Linzer about the statement he had given police several weeks after the
shooting. Again, Linzer testified that he could not remember what he told the
officers during the interview. Defense counsel persisted, asking, "Now, did you
tell whoever was interviewing you that day that no one talked about the shooting
because they didn't want the information to get around?" Again, Linzer testified
that he could not remember. On cross-examination, Linzer again stated that he was
high at the time he gave the statement to police.

 Defense counsel then moved to recall Officer Rutland, one of the officers
present when Linzer gave his statement. After an off-the-record discussion at the
bench, defense counsel stated that the witness was not necessary "at this moment"
and rested appellant's case.

 The defense moved for an instructed verdict, which the trial court denied. 
The following exchange then took place between the trial court and defense
counsel:

 [Trial Court:] And now you can proffer on the record what questions
you would have asked Sergeant Rutland.


 [Defense Counsel:] Okay, Judge, before I make my proffer, given the
judge's previous ruling and the shortness of the time before making
that proffer, the answer of the witness having been what I did not hear
him say, I thought he said he didn't make it, the Court's saying that he
did not recall it, that being the status of the answer if that is indeed his
answer, and I'm not arguing with the Court, I would ask in the
alternative to allow in the interests of justice me the opportunity to
reopen to have him now review the video of his statement to see if it
refreshes his recollection of making the statement.

 

 Defense counsel's request does not specify what testimony he would elicit
from Linzer or its importance. Defense counsel states only that he wanted to have
Linzer "review the video of his statement to see if it refreshes his recollection of
making the statement." (Emphasis added). As such, defense counsel did not know
what Linzer's testimony would be. Linzer, however, had already testified and been
subjected to cross-examination twice--once as part of the State's case-in-chief
and once as part of defendant's case-in-chief--and stated that he did not
remember what he said when he gave a statement to police. There is nothing in the
record to indicate that his answer would have been any different if appellant had
been allowed to reopen the case. As such, appellant cannot show that the evidence
for which he sought to reopen would have materially changed the case in his favor. 
See Peek, 106 S.W.3d at 79. Therefore, the trial court did abuse its discretion in
overruling appellant's motion to reopen.

 We overrule point of error two.

CONCLUSION

 We affirm the judgment of the trial court.




 Sherry Radack

 Chief Justice


 Panel consists of Chief Justice Radack and Justices Jennings and Bland.


 Do not publish. Tex. R. App. P. 47.2(b).