**Noe BELTRAN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 14–01–01198–CR.**

Court of Appeals of Texas, Houston (14th Dist.).

Feb. 20, 2003.

William F. Carter, Bryan, for appellants.

Candace Norris, Plainview, for appellees.

Panel consists of Chief Justice BRISTER and Justices HUDSON and FOWLER.

## OPINION

SCOTT BRISTER, Chief Justice.

In 1989, a Walker County jury found that appellant, while serving time in prison for one murder, had committed another. The jurors were charged as to both capital murder and murder; they convicted him of the former. In 1993, the Court of Criminal Appeals reversed, finding insufficient evidence of remuneration. TEX. PEN.CODE ANN. § 19.03(a)(3); *Beltran v. State,* No. 70,888 (Tex.Crim.App. Apr. 28, 1993) (not designated for publication).

In 1995, a new indictment was issued charging appellant with murder based on the same occurrence. He was again convicted, and punishment assessed at 50 years' imprisonment and a $10,000 fine.

The trial court credited this sentence with time served between his first indictment (August 25, 1988) and second conviction (October 25, 2001). It is from this judgment that both parties appeal.

### 1. Double Jeopardy

■ Appellant argues his second trial was barred by double jeopardy. He has already made this argument twice—in unsuccessful habeas and appeal proceedings—in the First Court of Appeals. *Beltran v. State*, No. 01–97–00105–CR (Tex. App.-Houston [1st Dist.] Mar. 4, 1999) (not designated for publication); *Beltran v. State*, No. 01–97–00105–CR (Tex.App.-Houston [1st Dist.] Mar. 30, 2000) (not designated for publication). We agree with our sister court that the Court of Criminal Appeals has decided this precise issue adversely to appellant: a defendant whose capital murder conviction is reversed for insufficient evidence of remuneration can be retried for murder. *See Ex Parte Granger*, 850 S.W.2d 513, 515 (Tex.Crim.App.1993).

### 2. Law of the Case

■ In reversing his capital murder conviction, the Court of Criminal Appeals stated "the judgment is reversed, and the cause is remanded to the trial court with instructions to order an acquittal." Appellant asserts he cannot be retried for murder, as this order constitutes the law of the case. But the only charge on appeal earlier was capital murder; acquittal of capital murder does not establish any rule as to

murder, as insufficient evidence of remuneration would have no bearing on the latter. *See* TEX. PEN.CODE ANN. §§ 19.02, 19.03(a)(3); *see also Granger*, 850 S.W.2d at 516. We hold the law of the case doctrine is inapplicable.

### 3. The Indictment

■ In his third point of error, appellant contends the trial court should have dismissed his second indictment with prejudice because he was incarcerated too long before it was issued. *See* Act of May 27, 1965, 59th Leg., R.S. ch. 722, § 1, 1965 Tex. Gen. Laws 317, 441 (amended 1997) (current version at TEX.CODE CRIM. PROC. art. 32.01;[1] TEX.CODE CRIM. PROC. art. 28.061[2]). This complaint is waived if it is not raised before the indictment is returned. *See Brooks v. State*, 990 S.W.2d 278, 285 (Tex.Crim.App.1999). Appellant did not file his motion to dismiss until January 2000, almost five years after the indictment issued. This was too late. *Id.*

### 4. Prison Gang Membership

■ In his fourth point, appellant contends admission of evidence of his membership in the Texas Syndicate (a prison gang) violated the rules of evidence. TEX.R. EVID. 403; 404(b). Several inmates and fellow members of the gang testified at trial that the victim—the acting chairman of the Syndicate at the Ellis 1 unit—was making personal use of narcotics smuggled into prison by the gang for drug-trafficking activities. They testified appellant murdered the victim as retribu-

---

1. "When a defendant has been detained in custody or held to bail for his appearance to answer any criminal accusation before the district court, the prosecution, unless otherwise ordered by the court, for good cause shown, supported by affidavit, shall be dismissed and the bail discharged, if indictment or information be not presented against such defendant at the next term of the court which is held after his commitment or admission to bail."

2. "If a motion to set aside an indictment, information, or complaint for failure to provide a speedy trial is sustained, the court shall discharge the defendant. A discharge under this article or Article 32.01 of this code is a bar to any further prosecution for the offense discharged and for any other offense arising out of the same transaction...."

tion, and was rewarded by replacing him as acting chairman. Appellant's gang-affiliation was not only relevant but absolutely critical to show the motive for his crime. *See Vasquez v. State,* 67 S.W.3d 229, 240 (Tex.Crim.App.2002). Admission of this evidence was proper.

### 5. Improper Comments by the Trial Court

■■■■ Appellant next argues that the following comment by the trial judge during *voir dire* tainted the jury and constituted fundamental error:

> THE COURT: Any of you for any reason could not give an inmate a fair trial for any reason? In other words, if you've been at TDC so long that you're soured on the world or soured on Defendants or soured on—that's understandable but it wouldn't be right if you couldn't give a person who is an inmate a fair trial. So if there is anybody there that can't give an inmate a fair trial speak up now or forever hold your peace. Because this country, you know, if you read the papers, a dog will bite a child. In this country the dog gets a trial. So I'm telling you we are fair in this country. That makes it more democratic. So listen to the lawyers and answer truthfully.

After a brief discussion at the bench, the trial judge continued:

> THE COURT: Inmates are entitled to a fair trial. If I'm calling him [appellant] a dog I absolutely apologize. I didn't mean to offend him.... I didn't mean to offend you. I don't think he's a dog. He's a human being and entitled to all the rights that all of us have.

Appellant made no objection, at least none that appears in our record.

■■■■ Fundamental error must be so egregious it prevents a fair and impartial

trial. *Almanza v. State,* 686 S.W.2d 157, 171 (Tex.Crim.App.1984). Undoubtedly, the trial judge's attempt at folksy humor was both reckless and injudicious. But we fail to see how any rational juror could construe it as a comment about appellant or the strength of his case. Even if that were possible, the judge immediately clarified this was not what he meant. We find this comment was not fundamental error. Thus, because appellant did not object, error has been waived. *See* Tex.R.App. P. 33.1(a); *Sharpe v. State,* 648 S.W.2d 705, 706 (Tex.Crim.App.1983); *Williams v. State,* 964 S.W.2d 747, 752 (Tex.App.-Houston [14th Dist.] 1998, pet. ref'd).

### 6. Improper Comments by the Prosecutor

■■■■ Appellant's final complaint involves an exchange among a venire member, the prosecutor, and appellant's trial attorney:

> VENIRE PERSON: I have a follow up question. If the investigation over the last thirteen years has shown that the man was not guilty would the indictment be eliminated? Would the indictment be dropped?
>
> [THE PROSECUTOR]: If I believed the man was not guilty I wouldn't be here. My job is to see that justice is done and I wouldn't be sitting here.
>
> [DEFENSE COUNSEL]: And I can tell you that if I believed he did this and the State could prove it beyond a reasonable doubt I wouldn't be here, either.

Again, appellant did not object, and thus is relegated to arguing fundamental error.

■■■■ A prosecutor cannot inject personal opinion in statements to the jury. *Johnson v. State,* 698 S.W.2d 154, 167 (Tex.Crim.App.1985); *Tucker v. State,* 15 S.W.3d 229, 236 (Tex.App.-Houston [14th Dist.] 2000, pet. ref'd). We agree the prosecutor improperly stated her personal

opinion. Nonetheless, appellant cites no cases in which similar *voir dire* statements were held to be fundamental error. *See Campos v. State*, 946 S.W.2d 414, 416–18 (Tex.App.-Houston [14th Dist.] 1997, no pet.) (holding failure to object to improper prosecutorial statement waives error). Moreover, defense counsel's immediate response stating his own opinion negated any harm to appellant. Because no objection was made to this non-fundamental error, appellant has waived this issue. *Mathis v. State*, 67 S.W.3d 918, 926–27 (Tex.Crim.App.2002).

### 7. Credit for Time: The State's Cross–Point of Error

The trial court credited appellant's murder sentence with time served from August 25, 1988 through October 25, 2001. In a cross-appeal, the State argues appellant should not have received credit for the time between July 2, 1993 (when the Court of Criminal Appeals issued a mandate reversing appellant's conviction for capital murder and ordering acquittal) and April 20, 1995 (when he was indicted for murder). The State is permitted to cross-appeal this legal question. *See* Tex. Code Crim. Proc. art. 44.01(b) (providing for appeal by state on questions of law if defendant is convicted and appeals the judgment).

Article 42.03, section 2(a) of the Code of Criminal Procedure requires credit for pre-judgment time served "in said cause":

> In all criminal cases the judge of the court in which the defendant was convicted shall give the defendant credit on his sentence for the time that the defendant has spent in jail in said cause, other than confinement served as a condition of community supervision, from the time of his arrest and confinement until his sentence by the trial court.

It is undisputed that, because of his prior murder conviction, appellant has been incarcerated at all times since March 14, 1981. The question presented is what credit, if any, he should have received on the sentence in this case.

Because this crime was committed while appellant was in prison, the sentence cannot run concurrently with his prior sentence.

> If a defendant is sentenced for an offense committed while the defendant was an inmate in the institutional division of the Texas Department of Criminal Justice and the defendant has not completed the sentence he was serving at the time of the offense, the judge shall order the sentence for the subsequent offense to commence immediately on completion of the sentence for the original offense.

Tex.Code Crim Proc. art. 42.08(b). Crediting appellant's sentence in this case for time served on his prior murder sentence would have just that effect, and thus would frustrate the Legislature's purpose. *See Ex parte Kuester*, 21 S.W.3d 264, 268 (Tex. Crim.App.2000) (stating that purpose of art. 42.08(b) was to mandate consecutive rather than concurrent sentences for inmate offenses).

We need not decide in this case the conflict between these statutes when a defendant is imprisoned both for the prior crime and arguably for the new one at the same time. Here, the State challenges only the credit given to appellant when no indictment for the second murder was pending. Because he was already in prison for a previous crime, any time spent in custody after the mandate issued and before the issuance of the subsequent indictment for murder relates to that previous crime and should not have been credited to his sentence in this case. *See Hannington v. State*, 832 S.W.2d 355 (Tex.Crim.App. 1992); *Ex Parte Crossley*, 586 S.W.2d 545, 546 (Tex.Crim.App.1979). We sustain the State's cross-point on appeal, reform ap-

pellant's sentence to add 658 days to it, and as reformed, affirm.