Affirmed and Memorandum Opinion filed January 11, 2005









Affirmed and Memorandum Opinion filed January 11,
2005.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-03-01277-CR

____________

 

GILBERT URBANO, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 278th
District Court

Walker County, Texas

Trial Court Cause No. 18,655C

 



 

M E M O R A N D U M   O P I N I O N

In 1989, a Walker County jury found that
appellant, while serving time in prison for murder, had committed another
murder.  The trial court charged the
jurors as to capital murder and murder. 
The jury convicted appellant of capital murder for remuneration.  In 1992, the Court of Criminal Appeals
reversed appellant=s capital murder conviction, finding
insufficient evidence of remuneration.  Urbano
v. State, 837 S.W.2d 114 (Tex. Crim. App. 1992).  








In 1995, appellant was re-indicted for
murder based on the same occurrence.  In
2003, he was convicted and the jury assessed punishment at twenty-five years in
prison to run concurrently with his previous sentence.  In three issues, appellant contends the
second trial violated (1) his right to be free from double jeopardy under the
state and federal constitutions, and (2) his right to due process under the
federal constitution.  

Double Jeopardy

In his first and second issues, appellant
argues his second trial was barred by double jeopardy.  The prohibition against double jeopardy
protects against successive prosecutions or multiple punishments for the same
offense.  See U.S. Const. amend. V (ANor shall any
person be subject for the same offence to be twice put in jeopardy of life or
limb.@); Tex. Const. art. I, ' 14 (ANo person, for the
same offense, shall be twice put in jeopardy of life or liberty, nor shall a
person be again put upon trial for the same offense, after a verdict of not
guilty in a court of competent jurisdiction.@). The Texas and
United States Constitutions provide substantially identical double jeopardy
protections.  Ex parte Mitchell,
977 S.W.2d 575, 580 (Tex. Crim. App. 1997), cert. denied, 525 U.S. 873
(1998).

In Ex parte Granger, 850 S.W.2d
513, 515 (Tex. Crim. App. 1993), the Court of Criminal Appeals determined that
a defendant whose conviction for capital murder was reversed could be retried
for murder.  The court reversed the
capital murder conviction because the evidence was insufficient to prove the
element of remuneration.  Id.  Because the original jury charge included the
lesser offense of murder, the court concluded double jeopardy did not bar a
later prosecution for murder.  Id.  The court reasoned that because appellant had
never been acquitted of murder, the rationale supporting the rule barring
retrial following acquittal did not apply to Granger=s reprosecution
for murder.  Id. at 519.  








Here, we have identical circumstancesCthe Court of
Criminal Appeals reversed appellant=s conviction for
capital murder because there was insufficient evidence of the element of
remuneration, but the original jury charge included the lesser offense of
murderCthus, Granger clearly
controls and appellant has shown no violation of the double jeopardy
clause.  Further, this court, in
identical circumstances, held appellant=s co-defendant was
not subjected to double jeopardy.  Beltran
v. State, 99 S.W.3d 807, 810 (Tex. App.CHouston [14th
Dist.] 2003, pet. ref=d).

Appellant attempts to distinguish his case
from Granger by first asserting Granger is different because the
court stated in its first opinion that Aappellant may . .
. be retried for the lesser included offense of murder.@  Granger v. State, 605 S.W.2d 602, 605
(Tex. Crim. App. 1980).  In the second Granger
opinion, however, the court noted that the comment was Apurely advisory@ and Ainappropriate.@  Granger, 850 S.W.2d at 514.  Appellant further asserts Granger is
distinguishable because the reviewing court did not address all of Granger=s issues.  While that is true, it bears no relevance to
the double jeopardy analysis.  Because an
acquittal based on insufficient evidence of a capital element does not bar
prosecution for a murder charge that was never abandoned, we overrule appellant=s first two
issues.

Due Process

In his third issue, appellant contends the
State violated appellant=s due process rights under the Fifth
Amendment to the United States Constitution when it indicted and tried
appellant for murder following a judicial alteration of law regarding double
jeopardy.  Appellant contends the Supreme
Court=s holding in Bouie
v. City of Columbia, 378 U.S. 347, 354, 84 S.Ct. 1697, 1702, 12 L.Ed.2d 894
(1964), supports his position that the ex post facto doctrine prohibited the
retroactive application of Granger because the holding in Granger
was unforeseeable.  








Article I, section 10 of the United States
Constitution prohibits the legislature from passing an ex post facto law.  An ex post facto law is a violation of the
state or federal constitution if (1) the statute punishes as a crime an act
previously committed, which was innocent when done; (2) the statute changes
punishment and inflicts greater punishment than was allowed by law at the time
the act was committed; or (3) the statute deprives one charged with a crime of
any defenses that were available when the act was committed.  Collins v. Youngblood, 497 U.S. 37,
42, 110 S.Ct. 2715, 2719, 111 L.Ed.2d 30 (1990); Ex parte Lopez, 928
S.W.2d 528, 534 (Tex. Crim. App. 1996).  

Although the Ex Post Facto Clause normally serves to limit
legislative power, an unforeseeable judicial enlargement of a criminal statute,
applied retroactively, can function like an ex post facto law and violate the
Due Process Clause.  Bouie v. City of
Columbia, 378 U.S. at 353, 84 S.Ct. at 1702.  Appellant argues the ex post facto doctrine
prohibited the State from re-indicting him based on new case law because he was
deprived of fair notice that he would be subject to another murder trial.  The principle that persons have, at the time they engage in
conduct, a right to fair notice of what conduct will give rise to which
criminal penalties is fundamental to our concept of constitutional liberty, and
is, thus, protected against judicial action by the due process clause.  Marks v. United States, 430 U.S. 188,
191B92, 97 S.Ct. 990, 992, 51 L.Ed.2d 260
(1977).  Accordingly, a state judicial
decision may not operate retroactively if it has the effect of depriving
persons of fair notice of what conduct will give rise to which criminal
penalties.  Proctor v. State, 967
S.W.2d 840, 845 (Tex. Crim. App. 1998).  








The trial of appellant for murder did not
deprive him of fair notice that murder would give rise to a certain criminal
penalty.  Murder was not an innocent act
before the Granger decision; the court did not change the punishment
range for murder; and the Granger decision did not deprive appellant of
any defenses that were available to him at the time the murder was
committed.  The fair notice contemplated
by the Ex Post Facto Clause is notice of criminal penalties at the time the act
is committed, not notice of whether a person can be tried for an act he knows
is a crime at the time he commits the act. 
See Marks, 430 U.S. at 191B92; 97 S.Ct. at
992.  Because the Granger
decision did not operate to deprive appellant of due process, his third issue
is overruled.

The judgment of the trial court is
affirmed.

 

 

 

 

 

/s/      J. Harvey Hudson

Justice

 

 

 

 

Judgment
rendered and Memorandum Opinion filed January 11, 2005.

Panel
consists of Justices Anderson, Hudson, and Frost.

Do
Not Publish C Tex.
R. App. P. 47.2(b).