Affirmed and Memorandum Opinion filed June 7, 2007








Affirmed and Memorandum Opinion filed June 7, 2007.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-06-00739-CR

____________

 

JAIRO DANIEL RODRIGUES, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 183rd
District Court

Harris County, Texas

Trial Court Cause No. 1022349

 



 

M E M O R A N D U M   O P I N I O N

Appellant, Jairo Daniel Rodrigues, appeals his conviction
for murder and sentence of life imprisonment.  In his first point of error,
appellant argues that the trial court erred in allowing evidence of gang
affiliation.  In his second point of error, appellant challenges the legal and
factual sufficiency of the evidence.  We affirm.

I.  Background








On the evening of October 18, 2004, the deceased, Franco
Lopez, was visiting with a neighbor, Martine Chaparro, on the steps outside of
Chaparro=s apartment.  Two
men approached Lopez and Chaparro, who was sitting in his wheelchair.  The two
men began shooting in Lopez and Chapparo=s direction, and
then ran from the scene.  Lopez was later pronounced dead from bullet wounds.  

At trial, three witnesses identified appellant as one of
the shooters.  Moises Hernandez, a friend of appellant, testified that
appellant admitted to shooting an individual who was with a Aguy in a chair@ when the
shootings occurred, and a transcript of an audio-recording of that conversation
was read to the jury.  Appellant=s sister and
brother-in-law, whom appellant lived with, testified that appellant was at
their apartment during the time of the shooting.  The State also offered
evidence of appellant=s affiliation with the AMS-13@ gang and Lopez=s affiliation with
the rival ASouthwest Cholos@ gang.  

II.  Analysis

A.      Admission
of Gang-Affiliation Evidence       

In his first point of error, appellant contends that the
trial court erred in admitting evidence of appellant and Lopez=s gang
affiliation.  We review the trial court=s decision to
admit or exclude evidence under an abuse of discretion standard.  Torres v.
State, 71 S.W.3d 758, 760 (Tex. Crim. App. 2002); Burden v. State,
55 S.W.3d 608, 615 (Tex. Crim. App. 2001); Montgomery v. State, 810
S.W.2d 372, 379‑80 (Tex. Crim. App. 1990).  We will not reverse a trial
court=s ruling on the
admission of evidence as long as the ruling is within the zone of reasonable
disagreement.  Torres, 71 S.W.3d at 760; Burden, 55 S.W.3d at
615.

Appellant filed a
pre-trial motion in limine objecting to any attempts by the State to offer
evidence of appellant=s gang affiliation, and after a hearing on
the issue, the trial court overruled such objections.  Appellant also requested
a running objection to any evidence regarding appellant=s or Lopez=s gang
affiliation.  At trial, the State offered testimony from several witnesses
regarding appellant=s affiliation with the AMS-13@ gang and Lopez=s affiliation with
the ASouthwest Cholos@ gang. 








Appellant more specifically argued at trial, and here on
appeal, that the evidence was inadmissible under Texas Rules of Evidence 401,
402, 403, and 404.  Rule 402 states that only relevant evidence is admissible. 
Tex. R. Evid. 402.  Rule 401
defines relevant evidence as Aevidence having any tendency to make the
existence of any fact that is of consequence to the determination of the action
more probable or less probable than it would be without the evidence.@  Tex. R. Evid. 401.  Under Rule 403,
relevant evidence Amay be excluded if its probative value is
substantially outweighed by the danger of unfair prejudice, confusion of the
issues, or misleading the jury, or by considerations of undue delay, or
needless presentation of cumulative evidence.@  Tex. R. Evid. 403.  Rule 404 precludes
the admission of character evidence to prove action in conformity with that
character trait.  Tex. R. Evid. 404. 
However, evidence of other crimes, wrongs, or acts by a person is admissible
for purposes other than to show character conformity.  Tex. R. Evid. 404(b).      








Evidence of gang affiliation is relevant to show a motive
for a gang-related crime. Vasquez v. State, 67 S.W.3d 229, 239 (Tex.
Crim. App. 2002); Bradford v. State, 178 S.W.3d 875, 879 (Tex. App.CFort Worth 2005,
pet. ref=d); Beltran v.
State, 99 S.W.3d 807, 811 (Tex. App.CHouston [14th
Dist.] 2003, pet. ref=d).  The State=s theory in this
case was that appellant=s motive in committing the murder was
gang-related.  Brian Ritchie testified about a Aturf battle@ between the
Southwest Cholos and the M-13 gangs.  Moises Hernandez testified that appellant
told him he was participating in a Awar@ with the
Southwest Cholos gang in Houston, and that appellant killed a man because he
was a Southwest Cholos gang member.  This evidence, in showing tensions between
the gangs, was offered to explain appellant=s motivation in
killing Lopez.  Therefore, the evidence tended to make a fact of consequence
more probable.  See Vasquez, 67 S.W.3d at 239; Beltran, 99 S.W.3d
at 811.  Thus, the evidence was relevant and admissible.  See Tex. R. Evid. 401, 402.  Furthermore,
because the evidence of appellant=s gang affiliation
was used to show motive, rather than to show that appellant acted in conformity
with his bad character, the admissibility of that evidence was not limited by
Rule 404.  See Tex. R. Evid. 404(b)
(AEvidence of other
crimes, wrongs or acts is not admissible to prove the character of a person in
order to show action in conformity therewith.  It may, however, be admissible
for other purposes, such as proof of motive . . . .@ (emphasis
added)); Vasquez, 67 S.W.3d at 239.  Finally, we cannot say that the
probative value of the evidence of appellant and Lopez=s gang-affiliation
was substantially outweighed by the danger of unfair prejudice.  See Vasquez,
67 S.W.3d at 240 (finding that any prejudicial effects stemming from evidence
of the appellant=s affiliation with the Mexican Mafia did
not substantially outweigh the value in showing motive for the murder
committed); Beltran, 99 S.W.3d at 810‑11 (holding that evidence of
appellant=s membership in a prison gang did not violate Rule 403
because it was Acritical to show the motive for his crime@ of murder); Chimney
v. State, 6 S.W.3d 681, 699 (Tex. App.CWaco 1999, pet.
ref=d) (finding that
the probative value of evidence of gang misconduct was not substantially
outweighed by the danger of unfair prejudice).  Therefore, we hold the trial
court was not outside the zone of reasonable disagreement in admitting the
evidence.  We overrule appellant=s first point of
error. 

B.      Legal/Factual
Sufficiency

We utilize the traditional standards in conducting our
sufficiency review.  Jackson v. Virginia, 443 U.S. 307, 319 (1979); King
v. State, 29 S.W.3d 556, 562 (Tex. Crim. App. 2004) (legal sufficiency
standards); Watson v. State, 204 S.W.3d 404, 417 (Tex. Crim. App. 2006)
(factual sufficiency standards).  Appellant argues that, because there are Aserious issues
raised . . . with regard to the credibility and reliability of the only two
eyewitness identifications of the appellant,@ the evidence is
both legally and factually insufficient.  We disagree and find the evidence to
be both legally and factually sufficient.








At trial, three eyewitnesses identified appellant as one of
the shooters.  Martine Chaparro, who was in his wheelchair beside Lopez when
the shootings occurred, testified that he recognized appellant during the
shootings because, just two days before the shooting, appellant had inquired
about Lopez=s whereabouts.  Chaparro also identified appellant in
a photo array a few months after the shooting.  Both Jose Salorzano[1]
and Reymundo Lopez[2]
also identified (albeit tentatively) appellant as one of the shooters.  Perhaps
most persuasively, the State offered evidence of appellant=s admission to
Moises Hernandez, a fellow MS-13 gang member turned FBI-informant, during an
audio-recorded phone conversation that he had shot someone.  Moises Hernandez
testified as to appellant=s statements , and a translated transcript
of the audio-recording made by Hernandez during his conversation with appellant
was read to the jury.  Although appellant did not state the name of the
individual whom he killed during his conversation with Hernandez, appellant did
say that Aa guy in a wheel chair@ was with the man
he shot during the shooting.  As mentioned earlier, Chaparro was next to Lopez
in his wheelchair at the time of the shooting.  Hernandez also testified that
appellant stated in another (unrecorded) conversation that he shot the
individual because he was a Southwest Cholo, and that he shot him multiple
times with a .40 caliber gun.  The State offered evidence that Lopez was a
Southwest Cholo and that the casings found at the scene were .40 caliber. 
After viewing the evidence in the light most favorable to the verdict, we find
that a rational trier of fact could have found beyond a reasonable doubt that
appellant shot Lopez.  We therefore find the evidence to be legally sufficient.








We also find the evidence to be factually sufficient. 
Contrary to the State=s evidence, appellant=s brother-in-law
and sister testified that appellant was at their apartment (where appellant
also lived) at the time of the shooting.  Appellant also vigorously
cross-examined all of the State=s witnesses, including those offered as
eyewitnesses to the shooting.  While some of the eyewitnesses seemed tentative
in their identifications,[3]
we defer to the fact-finder=s determination of the credibility of the
witnesses.  Swearingen v. State, 101 S.W.3d 89, 97 (Tex. Crim. App.
2003); McKinny v. State, 76 S.W.3d 463, 469 (Tex. Crim. App. 2002). 
Furthermore, what weight to give conflicting testimonial evidenceCsuch as appellant=s alibi witnesses
versus the State=s eyewitnesses and the taped confessionCis also within the
sole province of the jury.  Cain v. State, 958 S.W.2d 404, 408-09 (Tex.
Crim. App. 1997).  After considering all of this evidence in a neutral light,
we cannot say that it was so weak that the jury=s finding was
clearly wrong or manifestly unjust; nor can we say that the verdict is against
the great weight and preponderance of the evidence.  We overrule appellant=s second point of
error.     

We affirm the trial court=s judgment.  

 

 

 

 

 

 

/s/      Adele Hedges

Chief Justice

 

 

 

 

Judgment rendered
and Memorandum Opinion filed June 7, 2007.

Panel consists of
Chief Justice Hedges and Justices Hudson and Guzman.

Do Not Publish C Tex. R. App. P. 47.2(b).

 









[1]  In reviewing the record, the exact location of
Salorzano during the shooting is unclear.  Salorzano testified that he watched
two men walk from the parking lot towards Lopez, shoot in Lopez=s direction, and then run back to the parking lot.





[2]  Reymundo Lopez, Lopez=s brother who also lived with Lopez, was in the Lopez=s apartment when the shooting occurred.  He testified
that immediately after the shootings, he ran outside and observed two men
running into the parking lot; he identified one of the men as appellant.





[3]  For instance, when asked to identify the shooter
during trial, Salorzano pointed to appellant and stated, AI guess that will be him.@