Affirmed and Memorandum Opinion filed January 20, 2009








Affirmed and Memorandum Opinion filed January 20, 2009.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-07-01050-CR

____________

 

YVETTE ZACHERY, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 174th
District Court

Harris County, Texas

Trial Court Cause No. 1089832

 



 

M E M OR A N D U M   O P I N I O N

Appellant Yvette Zachery appeals her conviction for
aggravated assault with a deadly weapon, claiming reversible error by virtue of
comments made during voir dire as to the State=s burden of proof Abeyond a
reasonable doubt@ and the State=s
cross-examination of her during the punishment phase as to her responsibility
for the offense.  To the extent that her trial counsel waived error on these
two issues by failing to object at trial, appellant also claims ineffective
assistance of counsel.  We affirm.








I.  Factual and
Procedural Background

Appellant was charged with aggravated assault with a deadly
weapon, to which she pleaded Anot guilty.@  The jury found
appellant guilty as charged and assessed punishment at four years= confinement. 
Appellant filed a motion for new trial, which was overruled by operation of
law; however, no grounds for new trial were stated within the motion.  In four
issues, appellant now challenges her conviction.

II.  Issues and Analysis

A.      Did the trial court err
during voir dire in explaining to the jury the State=s burden of proof?

In her first issue, appellant complains that during voir
dire the trial court explained the State=s burden of proof
in a way that invited the jury to adopt a standard less demanding than what is
constitutionally required, as set forth below:

[TRIAL COURT]:  Let me talk about something else now for a few
minutes.  The burden of proof.  What does that mean?  That means how much
evidence the State has got to produce for you to convict.  That civil case down
here[,] . . . that=s a civil case where they want
money . . . .  That=s a civil matter.  It=s by a preponderance of the
evidence.  Lawyers like to talk about it balancing the scales of justice.  You
tip it a little bit, you win.

The next level, which is more proof, that my brother
brought into existence when he was a judge down in Galveston . . . .

. . . [It] became what we now call clear and
convincing evidence.  Something more than a preponderance of the evidence.  In
all criminal cases, every criminal case, from a traffic ticket, all the way up
to capital murder where they=re trying to take someone=s life, the burden of proof is beyond a reasonable doubt.

Ladies and gentlemen, I won=t give you a definition of that. 
You will know when you=re convinced that someone has
violated the law and the State has proven each and every element beyond a
reasonable doubt.  You will know it.  . . .








The trial judge continued to explain that the burden was
not proof beyond all doubt or proof beyond a shadow of a doubt as television
shows sometimes portray.  The prosecutor, during voir dire, explained the
burden does not require certainty, equating certainty with being 100 percent
certain.  The prosecutor then asked venire members whether they would require
certainty over Abeyond a reasonable doubt.@

The trial court gave the following instructions in the jury
charge:

The presumption of innocence alone is sufficient to acquit the
defendant, unless the jurors are satisfied beyond a reasonable doubt of the
defendant=s guilt after careful and impartial
consideration of all the evidence in the case.

The prosecutor has the burden of proving the defendant guilty and it
must do so by proving each and every element of the offense charged beyond a
reasonable doubt and if it fails to do so, you must acquit the defendant.

It is not required that the prosecution prove guilt beyond all possible
doubt; it is required that the prosecution=s proof excludes all reasonable doubt concerning the
defendant=s guilt.

In the event that you have a reasonable doubt as to the defendant=s guilt after considering all the
evidence before you, and these instructions, you will acquit her and say by
your verdict ANot guilty.@








Appellant acknowledges on appeal that her trial counsel did
not object to the statements made by the trial judge and prosecutor during voir
dire.[1] 
Without a contemporaneous objection, a defendant generally waives error, and a
reviewing court may only review fundamental errors that may occur during voir
dire.[2] 
See Jasper v. State, 61 S.W.3d 413, 421 (Tex. Crim. App. 2001)
(reviewing trial judge=s comments made during trial); Blue v.
State, 41 S.W.3d 129, 132 (Tex. Crim. App. 2000) (plurality op.) (applying
standard that trial judge=s comments in voir dire must have tainted
the appellant=s presumption of innocence to be fundamental error);
see also Tex. R. Evid.
103(d).  

The trial judge=s comments did not
belie an improper standard.  Moreover, the burden of proof as discussed in voir
dire did not differ from the jury-charge instructions, which placed the burden
squarely on the State and required a presumption of innocence until the State
met its burden.  Presuming, as the Blue plurality concluded, that a
trial judge=s comment which taints the defendant=s presumption of
innocence in front of the venire or vitiates the impartiality of the jury is
fundamental error requiring no objection, the complained-of comments by the
trial judge do not rise to such a level.  See  Jasper, 61 S.W.3d at
421(holding that, even under reasoning of Blue plurality, trial judge=s comments would
not rise to the level of fundamental error); Ganther v. State, 187
S.W.3d 641, 650B51 (Tex. App.CHouston [14th
Dist.] 2006, pet. ref=d) (concluding that, even if court of
appeals were bound by Blue plurality, trial judge=s comments during
voir dire did not rise to the level of tainting the presumption of innocence or
vitiating the impartiality of the jury); Rogers v. State, 795 S.W.2d
300, 306 (Tex. App.CHouston [1st Dist.] 1990, pet. ref=d) (holding that
trial court=s comments differentiating the burden of proof from
the way television shows portray a burden or indicating that Athe bottom line is
going to be what reasonable doubt is to you,@ were not
fundamental error).  Therefore, even under the reasoning of the Blue
plurality, the comments in this case would not constitute fundamental error
that would obviate the need to object in the trial court.  See  Jasper,
61 S.W.3d at 421; Ganther, 187 S.W.3d at 650B51; Rogers,
795 S.W.2d at 306. We overrule appellant=s first issue.

B.      Did the prosecutor=s cross-examination in the
punishment phase improperly force appellant to choose between competing rights
when appellant was asked whether she accepted responsibility for the offense?








In her third issue, appellant alleges that her rights were
violated in the punishment phase of trial, when the prosecutor improperly and
repeatedly attempted to force her to accept responsibility for the charged offense. 
Relying on what he calls the ADeGarmo doctrine,@[3] appellant alleges
that, during cross-examination, the prosecutor improperly forced her to choose
between competing rights at punishment, i.e. risking perjury if she admitted
guilt or seeking the jury=s sympathy to procure a lesser punishment,
or forfeiting her right to appellate review of error during the guilt/innocence
phase. 

We do not reach the merits of appellant=s argument,
because appellant=s contention on appeal does not comport
with the objection she lodged at trial.  See Tex. R. App. P. 33.1.  When the State first asked
whether appellant accepted responsibility for the incident, appellant did not
lodge an objection.  When the State asked for a second time whether she
accepted responsibility, appellant then objected on the grounds of Aasked and
answered.@  To preserve a complaint for appellate review, a
party must make a timely request, objection, or motion with sufficient specificity
to apprise the trial court of the complaint.  Tex.
R. App. P. 33.1(a); Saldano, 70 S.W.3d at 886B87.  Moreover, the
complaining party=s appellate contention must comport with
the specific objection made at trial.  Wilson v. State, 71 S.W.3d
346, 349 (Tex. Crim. App. 2002).  An objection grounded on one legal basis may
not be used to support a different legal theory on appeal.  Rezac v. State,
782 S.W.2d 869, 870 (Tex. Crim. App. 1990).  Appellant has not cited and we
have not found any place in the appellate record showing that appellant raised
this issue in the trial court.  Therefore, appellant has failed to preserve
error.  See Wilson, 71 S.W.3d at 349.  Accordingly, we overrule
appellant=s third issue.








C.      Did appellant receive
ineffective assistance of counsel by virtue of her trial counsel=s failure to object?

In appellant=s second and
fourth issues, she complains she received ineffective assistance of counsel
when her trial counsel failed to object to the circumstances involved in her
first and third issues.  According to appellant, her trial counsel should have
raised a contemporaneous objection to the comments during voir dire and
objected to the prosecutor=s cross-examination of appellant in the
punishment phase based on what he calls the ADeGarmo doctrine.@

Both the
United States and Texas Constitutions guarantee an accused the right to
assistance of counsel.  U.S. Const. amend.
VI; Tex. Const. art. I, ' 10; Tex. Code Crim. Proc. Ann. art. 1.051 (Vernon 2005).  This
right necessarily includes the right to reasonably effective assistance of
counsel.  Strickland v. Washington, 466 U.S. 668, 686, 104 S. Ct. 2052,
80 L. Ed. 2d 674 (1984); Ex parte Gonzales, 945 S.W.2d 830, 835 (Tex.
Crim. App. 1997).  To prove ineffective assistance of counsel, appellant must
show that (1) trial counsel=s representation fell below an objective standard of
reasonableness, based on prevailing professional norms; and (2) there is a
reasonable probability that the result of the proceeding would have been
different but for trial counsel=s deficient performance.  Strickland, 466 U.S. at 688B92, 104 S. Ct. 2064B67.  Moreover, appellant bears the
burden of proving his claims by a preponderance of the evidence.  Jackson v.
State, 973 S.W.2d 954, 956 (Tex. Crim. App. 1998).  








In
assessing appellant=s ineffective-assistance claims, we apply a strong
presumption that trial counsel was competent.  Thompson v. State, 9
S.W.3d 808, 813 (Tex. Crim. App. 1999).  We presume counsel=s actions and decisions were
reasonably professional and were motivated by sound trial strategy.  See
Jackson v. State, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994).  When, as in
this case, there is no proper evidentiary record developed at a hearing on a
motion for new trial, it is extremely difficult to show that trial counsel=s performance was deficient.  See
Bone v. State, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002).  If there is no
hearing or if counsel does not appear at the hearing, an affidavit from trial
counsel becomes almost vital to the success of an ineffective-assistance
claim.  Stults v. State, 23 S.W.3d 198, 208B09 (Tex. App.CHouston [14th
Dist.] 2000, pet. ref=d).  The Court of Criminal Appeals
has stated that it should be a rare case in which an appellate court finds
ineffective assistance on a record that is silent as to counsel=s trial strategy.  See Andrews v.
State, 159 S.W.3d 98, 103 (Tex. Crim. App. 2005).  On such a silent record,
this court can find ineffective assistance of counsel only if the challenged
conduct was A>so outrageous that no competent attorney would have
engaged in it.=@  Goodspeed v. State, 187 S.W.3d 390, 392 (Tex. Crim.
App. 2005) (quoting Garcia v. State, 57 S.W.3d 436, 440 (Tex. Crim. App.
2001)).  The motion for new trial filed in this case did not state any grounds
for new trial, and the motion was overruled by operation of law. 








The record in this case is silent as to appellant=s trial counsel=s reasoning or
strategy, and we cannot speculate as to the reasoning underlying appellant=s trial counsel=s actions.  See
Stults, 23 S.W.3d at 208.  Even presuming without deciding that an
objection would have been proper as to any comments made during voir dire, on
this silent record, appellant has not rebutted the strong presumption that her
trial counsel=s failure to object was strategic.  See Rogers,
795 S.W.2d at 306B07 (concluding that a trial counsel=s failure to
object to trial judge=s and prosecutor=s voir dire
statements involving reasonable doubt stemmed from professional judgment). 
Likewise, as for trial counsel=s failure to object to the prosecutor=s
cross-examination of appellant during the punishment phase, appellant must
demonstrate that had she objected, the trial judge would have committed error
in refusing to sustain the objection.  See Vaughn v. State, 931 S.W.2d
564, 566 (Tex. Crim. App. 1996).  Appellant cannot meet this burden because the
prosecutor=s questions presented no more than the usual risk a
defendant assumes when taking the stand to testify. Vaughn v. State, 888
S.W.2d 62, 74 (Tex. App.CHouston [1st Dist.] 1994), aff=d, 931 S.W.3d at
569.  ATo take the stand
and maintain her innocence in light of the probability that the jury will see
her as unrepentant or even defiant was a voluntary tactical decision by
appellant and her counsel.@  Vaughn, 931 S.W.2d at 568. 
Because appellant cannot demonstrate that the trial judge would have overruled
an objection to this line of questioning, she cannot demonstrate that her trial
counsel=s failure to voice
the complaint in her third issue was not strategic.  See Vaughn, 888
S.W.2d at 74 (A[A] ruling on appellant=s hypothetical
objection [would be] extremely uncertain.@).  Accordingly,
appellant has failed to satisfy Strickland=s first prong. 
Therefore, we overrule appellant=s second and
fourth issues. 

Having overruled appellant=s four issues, we
affirm the trial court=s judgment.

 

 

 

 

/s/      Kem Thompson Frost

Justice

 

 

Panel consists of Justices Frost, Brown, and Boyce.

 

Do Not Publish C Tex. R. App. P.
47.2(b).

 









[1]  Appellant complains that during voir dire, the State
built upon the trial judge=s comments in
explaining its burden of proof.  To the extent that appellant challenges the
prosecutor=s comments, appellant did not object to any of the
State=s comments during voir dire.  See
Tex. R. App. P. 33.1(a); Saldano v. State, 70 S.W.3d 873,
886B87 (Tex. Crim. App. 2002).  Therefore, appellant waived error as to his
complaint regarding any comment made by the State during voir dire.  See
Beltran v. State, 99 S.W.3d 807, 811B12
(Tex. App.CHouston [14th Dist.] 2003, pet. ref=d) (concluding prosecutor=s comments improper, but that appellant waived error
by failing to object).





[2]  Appellant complains that the trial court=s comments during voir provided the only instruction
on what the burden of proof means.  Accordingly, appellant urges this court to forgo the
contemporaneous objection requirement and apply the principles associated with
jury-charge error, as set out in Almanza v. State, 686 S.W.2d 157, 174
(Tex. Crim. App. 1984), to commentary made during voir dire as a way of
determining that egregious harm resulted.  However, appellant offers no binding
authority to support this argument.   See Tex. R.
App. P. 38.1(h).  We decline to
accept this proposition.






[3]   See DeGarmo v. State, 691 S.W.2d 657, 660B61 (Tex. Crim. App.
1985) (defendant who did not testify at guilt-innocence phase, but admitted at
punishment phase of trial to committing the murder, may not bring sufficiency
challenge on appeal); limited by  Leday v. State, 983 S.W.2d 713, 724B25  (Tex. Crim. App.
1998) (DeGarmo applies to waiver of sufficiency challenge but cannot be
used to find waiver of fourth-amendment exclusionary rule during
guilt-innocence phase of trial and listing other fundamental guaranties that
cannot be waived by admission at punishment phase of trial); and Reyes v.
State, 994 S.W.2d 151, 153 (Tex. Crim. App. 1999) (defendant=s admission of guilt at punishment phase can waive
sufficiency challenge but does not waive appellate review of alleged violation
of right to have guilt assessed by a jury of twelve persons).