Petition for Writ of Mandamus
Denied and Memorandum Opinion filed June 25, 2010.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-10-00503-CR

____________

 

IN RE SEAN HUSTON BROWN, Relator

 

 



ORIGINAL PROCEEDING

WRIT OF MANDAMUS

 

 

 



M E M O R
A N D U M   O P I N I O N

            Relator Sean Huston Brown filed a petition for writ of
mandamus in this court.  See Tex. Gov’t Code Ann. § 22.221 (Vernon
2004); see also Tex. R. App. P. 52.  In the petition, Brown asked this
court to compel the Honorable Clifford J. Vacek, presiding judge of the 400th District
Court of Brazoria County, to enter a nunc pro tunc judgment modifying Brown’s
judgment of conviction to reflect additional pre-sentence jail time credit.  We
deny the petition.

Brown was charged with murder and arrested on July 12, 2006. 
Brown’s co-defendant subsequently testified that Brown was not involved in the
murder, but that Brown helped burn the corpse.  The State then indicted Brown
for tampering with evidence on December 17, 2007.  On March 4, 2008, Brown
entered a guilty plea to tampering with evidence pursuant to a plea bargain
agreement.  The trial court sentenced appellant to confinement in the Texas
Department of Criminal Justice for ten years in accordance with the terms of
the plea agreement.  The judgment of conviction awarded credit of 78 days for
time served from the indictment on December 17, 2007, to the date of sentencing
on March 4, 2008.  It is undisputed that Brown has been in custody since his arrest on July 12, 2006.

To obtain mandamus relief in a criminal matter, the relator
must establish that the act sought to be compelled is ministerial rather than
discretionary in nature and that there is no other adequate remedy at law.  State
ex rel. Hill v. Fifth Court of Appeals, 34 S.W.3d 924, 927 (Tex. Crim. App.
2001).  An act is not ministerial if a judge must exercise discretion or
resolve conflicting legal claims.  Id. at 927.  

A nunc pro tunc order is appropriate to correct clerical
errors in the judgment the trial court actually rendered, but not errors that
were the result of judicial reasoning.  Collins v. State, 240 S.W.3d
925, 928 (Tex. Crim. App. 2007).  The failure to award jail time credit in
accordance with a mandatory statutory duty is a clerical error that may be
corrected by a nunc pro tunc order.  Ex parte Ybarra, 149 S.W.3d 147,
148 (Tex. Crim. App. 2004).  If the trial court fails to issue a nunc pro tunc
order to award mandatory jail time credit, relief may be sought by petition for
writ of mandamus.[1]
 Id. at 149; see also In re Daisy, 156 S.W.3d 922, 924 (Tex.
App.—Dallas 2005, orig. proceeding). 

At his plea hearing, Brown’s counsel stated on the record
that he was aware that Brown would receive only 78 days credit for the time in
custody after the indictment for evidence tampering.  He stated that “I think
he should get credit for the 20 months, and I’m going to have to figure out a
way to effectuate that under the law, because [the Assistant District Attorney]
is of the opinion he’s entitled to credit for time in custody on the case to
which he pleads, which is 78 days.”[2] 
Counsel informed the court, “I’m just bringing that to you because I think it’s
something you may have to deal with down the road.  Having said that, it is not
affecting the plea in this case today.”  After argument from the State, counsel
concluded, “I understand what you’re saying on it, and we’re still going to
proceed with it.”  The court then proceeded to accept Brown’s plea.

A defendant may affirmatively waive his right to pre-sentence
jail time credit by entering into a plea bargain with the state if the record
supports that a waiver occurred.  Collins, 240 S.W.3d at 929 (citing Ex
parte Olivares, 202 S.W.3d 771, 772-73 (Tex. Crim. App. 2006)).  This
record indicates that Brown accepted the plea knowing that he would receive
only 78 days credit.  However, because it is apparent from the record of the
plea hearing that Brown disputed the amount of jail time credit and noted his
intention to raise the issue of additional jail time credit at a later date,
the record does not clearly support waiver of that right.  

Brown filed a motion for judgment nunc pro tunc in the trial
court, and the State filed a response in opposition.  The trial court denied
the motion by written order.  There is no record from any hearing on the nunc
pro tunc motion included in our mandamus record.  See Tex. R. App. P.
52.7 (requiring inclusion of properly authenticated transcript from any hearing
or a statement that no testimony was adduced).  

            In his motion for nunc pro tunc judgment, Brown cited Beltran
v. State, 99 S.W.3d 807 (Tex. App.—Houston [14th Dist.] 2003, pet. ref’d). 
Beltran was convicted of capital murder while in prison for another murder.  Id.
at 809.  After Beltran’s capital murder conviction was reversed, he was re-indicted
and convicted of murder based on the same occurrence.  Id.  This court
affirmed his conviction, and on the State’s cross-appeal, we held that
jail-time credit for time served after the capital murder reversal and before the
new murder indictment was improper.  Id. at 812.  This court did not
disturb the unchallenged award of credit for time served before reversal of the
capital murder conviction.  Id.

Brown also argued in the nunc pro tunc motion that he was
entitled to credit for time served before the evidence tampering indictment
because it arose out of the same criminal episode.  See Tex. Penal Code
§ 3.01 (Vernon 2003).  He argued that his arrest was for involvement in a
criminal episode and the State elected to wait until months later to charge him
with another crime committed during the same criminal episode.  Therefore, he
contends he should receive jail time credit from
the time of his arrest.

            The State responded to the motion and cited to Phillips v.
State, 64 S.W.3d 458 (Tex. App.—Houston [1st Dist.] 2001, no pet.).  After
the State moved to revoke Phillips’s community supervision for theft, he was
arrested for aggravated robbery.  Id. at 462.  The court held that because
Phillips’s confinement was not the result of the pending motion to revoke
community supervision, the trial court had discretion whether to award Phillips
jail time credit on the theft case when it revoked his community supervision.  Id.
at 462. 

            In the motion for nunc pro tunc judgment in this case Brown did
not request correction of a clerical error in the calculation of jail time
credit.  Instead, the court was required to weigh and resolve conflicting legal
claims.  See State ex rel. Hill, 34 S.W.3d at 927.  The trial court did
not have a ministerial duty to award the requested credit.  Because the trial
court was required to make a determination regarding whether Brown was entitled
to additional jail time credit, no ministerial act was implicated.  See
Collins, 240 S.W.3d at 929.

            Because the act sought to be compelled is not ministerial, Brown
has not established that he is entitled to mandamus relief.  Accordingly, we
deny his petition for writ of mandamus. 

                                                                        PER
CURIAM

Panel
consists of Justices Anderson, Frost, and
Seymore.

Do Not
Publish — Tex. R. App. P. 47.2(b).









[1]  
Generally, before the Court of Criminal Appeals
will entertain a claim concerning the denial of pre-sentence jail time credit,
an applicant must first attempt to correct the omission in the judgment by way
of a motion for a nunc pro tunc judgment, followed by a petition for writ of
mandamus to the appropriate court of appeals.  Ex parte Deeringer , 210
S.W.3d 616, 617 -618 (Tex. Crim. App. 2006).

 





[2] 
Article 42.03 requires the trial court to give
credit on the defendant's sentence for the time that the defendant has spent “in
jail for the case.”  Tex. Code Crim. Proc. Ann. art. 42.03, § 2(a)(1)
(Vernon Supp.2009) (emphasis added).