**Opinion issued April 14, 2015**



In The

# Court of Appeals

For The

# First District of Texas

———————————

**NO. 01-13-00496-CR**

———————————

**JESUS ESCOBAR, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the County Criminal Court at Law No. 7**
**Harris County, Texas**
**Trial Court Case No. 1853071**

---

**MEMORANDUM OPINION**

A jury convicted Jesus Escobar of delivery of less than one-fourth of an ounce of marijuana.[1] On appeal, he argues that unobjected-to comments by a prosecutor during voir dire constitute fundamental error warranting a new trial.

---

[1] TEX. HEALTH & SAFETY CODE ANN. § 481.120 (West 2010).

Alternatively, he contends that his trial counsel's failure to object constitutes ineffective assistance of counsel. We affirm.

## Background

During voir dire, the prosecutor said:

> And the criminal code actually says, "It shall be the primary duty of all prosecuting attorneys, including any special prosecutors, not to convict, but to see that justice is done." And I'm excited about that because it means that my job is to do the right thing. So when we see that someone that we believe to be not guilty, we can dismiss that case. When we believe them to be guilty, then we proceed. I also have had the opportunity to view our assistant district attorney, Mike Anderson, in a training session. He said, you know, "I'm so thankful for this job and this position because I never have to try a case that I don't believe in." And, so, I'm glad to be here today.

Escobar did not object.

The prosecutor subsequently told the venire that the State had the burden to prove all elements of the offense, that the State's burden was beyond a reasonable doubt, and that Escobar was entitled to a fair trial and a presumption of innocence until proven guilty.

The jury convicted Escobar. He timely appealed.

## Improper Comments by the Prosecutor

### A.    The prosecutor improperly stated his personal belief in Escobar's guilt.

Escobar contends that the prosecutor's statement was improper because he effectively told the venire that he personally believed Escobar to be guilty. We agree.

The prosecutor indicated that he tries defendants if and only if he believes that they are guilty. He decided to try Escobar. The unavoidable conclusion is that the prosecutor personally believed that Escobar was guilty. *See, e.g.*, *Clayton v. State*, 502 S.W.2d 755, 756 (Tex. Crim. App. 1973) ("The prosecutor's argument that he would not prosecute a man he did not know in his heart to be guilty is improper."); *Williams v. State*, 417 S.W.3d 162, 171–72 (Tex. App.—Houston [1st Dist.] 2013, pet. ref'd) (concluding that prosecutor's statement that he dismisses cases when "I don't think that the defendant's guilty" was improper); *Beltran v. State*, 99 S.W.3d 807, 811 (Tex. App.—Houston [14th Dist.] 2003, pet. ref'd) (holding that prosecutor's statement that "[i]f I believed the man was not guilty I wouldn't be here" was improper).

"A prosecutor may not inject personal opinion in statements to the jury. Such a statement improperly conveys the idea that the prosecutor has a basis for such an opinion outside the evidence presented at trial." *Williams*, 417 S.W.3d at 172. Further, such a statement encourages jurors to conclude that a defendant is "necessarily guilty because he was being tried." *See Mendoza v. State*, 552 S.W.2d 444, 447 (Tex. Crim. App. 1977). Therefore, the prosecutor's comment, which conveyed his personal belief in Escobar's guilt, was improper.

**B.     Escobar waived review by failing to object**

However, Escobar did not object to the prosecutor's statements. "Rule 33.1 of the Texas Rules of Appellate Procedure requires that, in general, for a complaining party to preserve an alleged error for appellate review, the record must show that the party raised the issue with the trial court in a timely and specific request, objection, or motion." *McLean v. State*, 312 S.W.3d 912, 915 (Tex. App.—Houston [1st Dist.] 2010, no pet.) (citing TEX. R. APP. P. 33.1(a) and *Griggs v. State*, 213 S.W.3d 923, 927 (Tex. Crim. App. 2007)). "However, Texas Rule of Evidence 103(d) provides that, 'In a criminal case, nothing in these rules precludes taking notice of fundamental errors affecting substantial rights although they were not brought to the attention of the court.'" *Id.* (quoting TEX. R. EVID. 103(d)); *accord Blue v. State*, 41 S.W.3d 129, 131 (Tex. Crim. App. 2000).

We have already concluded that the prosecutor's remarks were improper. *See Williams*, 417 S.W.3d at 172. We must therefore determine if the error was fundamental. *See McLean*, 312 S.W.3d at 915. "Fundamental error must be so egregious it prevents a fair and impartial trial." *Beltran*, 99 S.W.3d at 811 (citing *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1984)).

Escobar cites no case, nor have we found any, holding that a prosecutor's statement of personal belief in a defendant's guilt before a venire was a fundamental error not requiring an objection. *See id.* at 811–12. But numerous

4

Texas cases suggest that a trial judge's improper statement to a venire might constitute fundamental error if it rises to "such a level as to bear on the presumption of innocence or vitiate the impartiality of the jury." *McLean*, 312 S.W.3d at 917; *see Blue*, 41 S.W.3d at 132. But it is unclear if this rule should also apply to prosecutors' voir dire statements. Notably, once voir dire is over and the jury is impanelled, The Court of Criminal Appeals has held that "a defendant's failure to object to a jury argument or a defendant's failure to pursue to an adverse ruling his objection to a jury argument forfeits his right to complain about the argument on appeal." *Cockrell v. State*, 933 S.W.2d 73, 89 (Tex. Crim. App. 1996); *accord Threadgill v. State*, 146 S.W.3d 654, 667 (Tex. Crim. App. 2004).

In *Blue v. State*, a trial judge disclosed to the venire that, to the judge's chagrin, the defendant turned down a plea bargain. 41 S.W.3d at 130. A plurality of the Court of Criminal Appeals reasoned: "A juror who knows at the outset that the defendant seriously considered entering into a plea agreement no longer begins with a presumption that the defendant is innocent." *Id.* at 132. Further, "[a] juror who hears the judge say that he would have preferred that the defendant plead guilty might assume that the judge knows something about the guilt of the defendant that the juror does not." *Id.* Accordingly, the plurality concluded that "[t]he comments of the trial judge, which tainted appellant's presumption of

5

innocence in front of the venire, were fundamental error of constitutional dimension and required no objection."[2] *Id.*

Escobar argues that (1) *Blue*, which examined a trial judge's voir dire statements, also applies to a prosecutor's voir dire statements and (2) the prosecutor's remarks in this case tainted the presumption of innocence and thus constitute fundamental error under *Blue*. He asserts that "an exuberant prosecutor . . . brought the full force of moral righteousness down on the side of guilt. . . . [H]e told the jury that it was his . . . duty to see Mr. Escobar found guilty because he believed in it." Escobar urges us to conclude that these comments "irreparably violated the presumption of innocence and tainted the jury with an inflammatory emotional demonstration."

The State urges us to consider the entire record. *See Mendoza*, 552 S.W.2d at 446–47 (considering prosecutor's voir dire comments in light of entire record). It notes that "the prosecutor went on to clarify the appellant's rights and the State's burden of proof." Accordingly, "the prosecutor's comments in voir dire did not violate the appellant's presumption of innocence." We agree with the State.

---

[2]  "Although the lead [plurality] opinion described the fundamental right at issue in *Blue* as a defendant's presumption of innocence, a concurring opinion described the fundamental right at issue as the right to an impartial trial judge." *Jaenicke v. State*, 109 S.W.3d 793, 796 (Tex. App.—Houston [1st Dist.] 2003, pet. ref'd). Accordingly, the various opinions in *Blue* are persuasive, but not precedential. *Unkart v. State*, 400 S.W.3d 94, 101 (Tex. Crim. App. 2013).

The presumption of innocence is not impinged when, in the context of the entire proceeding, "it is unlikely that potential jurors would have been led to believe that the district attorney had a basis for his opinion unknown to the venire, or that appellant was necessarily guilty because he was being tried." *Id.* at 447. In *Mendoza*, a prosecutor remarked to the venire that he "has the responsibility of seeing that the individuals who are guilty of criminal offenses are brought to trial, and hopefully brought to justice." *Id.* at 446. "Immediately after these remarks were made, defense counsel moved that the entire panel be quashed. The motion was overruled; however, the court did admonish the district attorney to 'be very careful what you say.'" *Id.* at 446–47. Moreover, "the district attorney went on to clarify the presumption of innocence and the State's burden of proof." *Id.* at 447. "In light of this clarification and the court's prompt admonishment, it is unlikely that potential jurors would have been led to believe that the district attorney had a basis for his opinion unknown to the venire, or that appellant was necessarily guilty because he was being tried." *Id.* "Since the remarks were general in nature and made at a stage of the proceedings before the jury was impaneled and evidence was adduced, dismissal of the venire was not warranted." *Id.*

The Fourteenth Court of Appeals has held that there is no fundamental error when a prosecutor improperly states his personal opinion regarding the guilt of the defendant, the defendant does not object, and other circumstances negate the harm

to the defendant. *Beltran*, 99 S.W.3d at 811–12. In *Beltran*, the following exchange occurred between the attorneys and a venireperson:

> VENIREPERSON: I have a follow up question. If the investigation over the last thirteen years has shown that the man was not guilty would the indictment be eliminated? Would the indictment be dropped?
>
> STATE: If I believed the man was not guilty I wouldn't be here. My job is to see that justice is done and I wouldn't be sitting here.
>
> DEFENSE COUNSEL: And I can tell you that if I believed he did this and the State could prove it beyond a reasonable doubt I wouldn't be here, either.

*Id.* at 811. The defendant did not object. On appeal, the Fourteenth Court of Appeals found no fundamental error. "We agree the prosecutor improperly stated her personal opinion. Nonetheless, appellant cites no cases in which similar *voir dire* statements were held to be fundamental error. Moreover, defense counsel's immediate response stating his own opinion negated any harm to appellant." *Id.* at 811–12. Accordingly, our sister court upheld the conviction. *Id.* at 812.

Generally, when a prosecutor improperly tells the venire that he personally believes the defendant to be guilty, an instruction from the trial court will cure the harm to the defendant. *Williams*, 417 S.W.3d at 171–72. In *Williams*, the following exchange occurred between a prosecutor and a venireperson:

> STATE: My duty is to prove my case. What should I—if I don't believe this case—look, I'll tell you right now. If I don't believe this case and I don't think that the defendant's guilty, what should I have already done?

8

VENIREPERSON: Not charged him.

STATE: We dismiss cases—

*Id.* at 171. The defendant objected, then unsuccessfully moved for a mistrial. We concluded that "the prosecutor's statement to the venire that he would have dismissed the case against Williams if he believed he was innocent constituted an improper expression of his personal opinion that Williams was guilty." *Id.* at 172. However, we also held that the trial court did not abuse its discretion in denying a mistrial because it "made a prompt instruction to disregard the comment and specifically noted that the comment only constituted the prosecutor's opinion. Under similar circumstances, Texas courts have held that a prompt instruction to disregard cures any resulting harm." *Id.*

Here, other actions by the prosecutor cured any harm to the presumption of innocence. The prosecutor explained to the venire, "This whole process is to ensure that the defendant gets a fair trial today. And, so, that's what we're doing." He acknowledged his burden of proof: "And I have some things to prove to you today. And these are all elements that I have to prove. And if I do not prove all of them, if there's even one missing, you have to find the defendant not guilty. I have to prove that . . . ." He clarified, "Again, I have to prove each and every element beyond a reasonable doubt. . . . [Y]ou get to decide what reasonable doubt is."

The record demonstrates that the prosecutor promptly and thoroughly explained the presumption of innocence and burden of proof to the venire. Thus, this case is similar to *Mendoza*, *Beltran*, and *Williams* because these additional circumstances mitigated any harm from the prosecutor's error.[3] In light of the entire record, the prosecutor's improper statements did not bear on the presumption of innocence or vitiate the impartiality of the jury. Thus, the statements did not constitute fundamental error and, accordingly, Escobar forfeited appellate review of them by failing to timely object.

**Ineffective Assistance of Counsel**

Escobar contends that, in the alternative, his trial counsel's failure to object constitutes ineffective assistance of counsel.

**A.     Standard of review**

"To prove ineffective assistance, a defendant must show, by a preponderance of the evidence, that (1) counsel's performance was so deficient that he was not functioning as acceptable counsel under the Sixth Amendment and (2) there is a reasonable probability that, but for counsel's error or omission, the result of the proceedings would have been different." *Apolinar v. State*, 106 S.W.3d 407, 416 (Tex. App.—Houston [1st Dist.] 2003), *aff'd*, 155 S.W.3d 184

---

[3]     Notably, Escobar cites no additional irregularities that could have aggravated the prosecutor's error or limited the effectiveness of his mitigating statements. For example, the jury charge included, as is common practice, instructions on the presumption of innocence and burden of proof.

(Tex. Crim. App. 2005) (citing *Strickland v. Washington*, 466 U.S. 668, 687–96, 104 S. Ct. 2052, 2064–69 (1984) and *Thompson v. State*, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999)). "Appellant bears the burden of proving by a preponderance of the evidence that counsel was ineffective." *Thompson*, 9 S.W.3d at 813. "When handed the task of determining the validity of a defendant's claim of ineffective assistance of counsel, any judicial review must be highly deferential to trial counsel and avoid the deleterious effects of hindsight." *Id.* (citing *Ingham v. State*, 679 S.W.2d 503, 509 (Tex. Crim. App. 1984)).

## B.     Demonstrating ineffective assistance

The State contends that Escobar cannot succeed on the second prong—prejudice—because, as discussed above, the other circumstances of this case negate any potential harm. It also contends that Escobar cannot succeed on the first prong—performance—because the record does not rebut the presumption that trial counsel acted strategically. We agree on both points.

Escobar provides no argument on prejudicial effect other than the arguments he relied upon to show an impingement of the presumption of innocence. Because we have rejected those arguments, we do not find a reasonable probability that, but for counsel's error or omission, the result of the proceedings would have been different.

Additionally, Escobar cannot show deficient performance. "Any allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness." *Thompson*, 9 S.W.3d at 813. "There is a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance." *Id.* "An appellate court should be especially hesitant to declare counsel ineffective based upon a single alleged miscalculation during what amounts to otherwise satisfactory representation, especially when the record provides no discernible explanation of the motivation behind counsel's actions—whether those actions were of strategic design or the result of negligent conduct." *Id.* at 814.

Here, the record contains no indication why Escobar's trial counsel chose not to object. "We will normally not speculate to find trial counsel ineffective when the record is silent as to counsel's reasoning or strategy." *Apolinar*, 106 S.W.3d at 416. Further, the rationale, if any, for that decision was not explored at trial, and the issue was not raised in a motion for new trial. "Trial counsel 'should ordinarily be afforded an opportunity to explain his actions before being denounced as ineffective.'" *Menefield v. State*, 363 S.W.3d 591, 593 (Tex. Crim. App. 2012) (quoting *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005)). "If trial counsel is not given that opportunity, then the appellate court should not find deficient performance unless the challenged conduct was 'so

12

outrageous that no competent attorney would have engaged in it.'" *Menefield*, 363 S.W.3d at 593 (quoting *Goodspeed*, 187 S.W.3d at 392).

The record is silent on the attorney's reason for not objecting, and his failure to object to the prosecutor's single remark is not so outrageous as to warrant speculation into the matter. Accordingly, Escobar's ineffective-assistance-of-counsel claim fails.

## Conclusion

We affirm the judgment of the trial court.

Harvey Brown
Justice

Panel consists of Chief Justice Radack and Justices Brown and Lloyd.

Do not publish. TEX. R. APP. P. 47.2(b).