ACCEPTED
01-13-00496-CR
FIRST COURT OF APPEALS
HOUSTON, TEXAS
1/26/2015 12:42:33 PM
CHRISTOPHER PRINI
CLERK

**No. 01-13-00496-CR**

In the

**Court of Appeals**

For the

**First District of Texas**

At Houston

────────◆────────

**No. 1853071**

In the County Court at Law No. 7

Of Harris County, Texas

────────◆────────

**JESUS ESCOBAR**

*Appellant*

V.

**THE STATE OF TEXAS**

*Appellee*

────────◆────────

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS

1/26/2015 12:42:33 PM

CHRISTOPHER A. PRINE
Clerk

STATE'S APPELLATE BRIEF

────────◆────────

**DEVON ANDERSON**
District Attorney
Harris County, Texas

**KATIE DAVIS**
Assistant District Attorney
Harris County, Texas
State Bar Number: 24070242
davis_katie@dao.hctx.net

**THOMAS WADDLE**
**BRADLEY MEANS**
Assistant District Attorneys

Harris County, Texas
1201 Franklin Street, Suite 600
Houston, Texas 77002
Telephone: (713) 755-5826
Fax Number: (713) 755-5809

ORAL ARGUMENT REQUESTED ONLY IF REQUESTED BY APPELLANT

## STATEMENT REGARDING ORAL ARGUMENT

Pursuant to TEX. R. APP. P. 39, the State requests oral argument only if oral argument is requested by the appellant.

## IDENTIFICATION OF THE PARTIES

*Counsel for the State:*

**Devon Anderson**—District Attorney of Harris County

**Katie Davis**—Assistant District Attorney on appeal

**Thomas Waddle; Bradley Means** — Assistant District Attorneys at trial

*Appellant or Criminal Defendant:*

**Jesus Escobar**

*Counsel for Appellant:*

**Alexander Bunin** – Chief Public Defender

**Sarah V. Wood** – Assistant Public Defender on appeal

**Lazaro Izaguirre**—Counsel at trial

*Trial Judge:*

**Honorable Pam Derbyshire**—Judge of County Court at Law No. 7

# TABLE OF CONTENTS

**Page**

STATEMENT REGARDING ORAL ARGUMENT .................................................i

IDENTIFICATION OF THE PARTIES ..................................................................i

TABLE OF CONTENTS................................................................................... ii

INDEX OF AUTHORITIES.............................................................................. iii

STATEMENT OF THE CASE...........................................................................1

STATEMENT OF FACTS .................................................................................1

SUMMARY OF THE ARGUMENT ...................................................................3

REPLY TO APPELLANT'S SOLE POINT OF ERROR.........................................4

*State's reply to the prosecutor's voir dire comments* ....................................4

I. The appellant failed to preserve any appellate complainant regarding the prosecutor's voir dire because he failed make a timely objection. .................5

II. The prosecutor's introductory comments about his role and duties as a prosecutor generally were not improper.......................................................8

*State's reply to the appellant's claim of ineffective assistance of counsel* ..............13

CONCLUSION..............................................................................................17

CERTIFICATE OF SERVICE AND COMPLIANCE ...........................................18

# INDEX OF AUTHORITIES

## CASES

*Almanza v. State*,
686 S.W.2d 157 (Tex. Crim. App. 1984)...............................................................6

*Beltran v. State*,
99 S.W.3d 807 (Tex. App.—
Houston [14th Dist.] 2003, pet. ref'd)........................................................ 5, 7, 9

*Blue v. State*,
41 S.W.3d 129 (Tex. Crim. App. 2000)...............................................................6

*Briddle v. State*,
742 S.W.2d 379 (Tex. Crim. App. 1987),
*cert. denied*, 488 U.S. 986 (1988) .....................................................................5

*Campos v. State*,
946 S.W.2d 414 (Tex. App.—
Houston [14th Dist.] 1997, no pet.)............................................................ 11, 12

*Clayton v. State*,
502 S.W.2d 755 (Tex. Crim. App. 1973)................................................... 11, 12

*Cude v. State*,
588 S.W.2d 895 (Tex. Crim. App. 1979)...........................................................14

*Ex parte White*,
160 S.W.3d 46 (Tex. Crim. App. 2004)..............................................................14

*Fowler v. State*,
500 S.W.2d 643 (Tex. Crim. App. 1973)................................................... 11, 12

*Gordon v. State*,
191 S.W.3d 721 (Tex. App.—
Houston [14th Dist.] 2006, no pet.)......................................................................9

*Ingham v. State*,
679 S.W.2d 503 (Tex. Crim. App. 1984)...........................................................14

*Jackson v. State*,
726 S.W.2d 217 (Tex. App.—
Dallas 1987, pet. ref'd)......................................................................................11

*Johnson v. State*,
698 S.W.2d 154 (Tex. Crim. App. 1985)...................................... 11, 12

*Lopez v. State*,
343 S.W.3d 137 (Tex. Crim. App. 2011) .................................... 14, 15

*Mallet v. State*,
65 S.W.3d 59 (Tex. Crim. App. 2001)................................................15

*Mendoza v. State*,
552 S.W.2d 444 (Tex. Crim. App. 1977)................................ 8, 9, 10, 11, 12, 15

*Miniel v. State*,
831 S.W.2d 310 (Tex. Crim. App. 1992)..............................................13

*Mitchell v. State*,
68 S.W.3d 640 (Tex. Crim. App. 2002)...............................................13

*Murchison v. State*,
93 S.W.3d 239 (Tex. App.—
Houston [14th Dist.] 2002, pet. ref'd)....................................................7

Ortiz v. State,
93 S.W.3d 79 (Tex. Crim. App. 2002)................................................14

*Rodriguez v. State*,
899 S.W.2d 658 (Tex. Crim. App. 1995)..............................................14

*Schmidt v. State*,
No. 09-09-00149-CR, 2010 WL 4354027 (Tex. App.—
Beaumont Nov. 3, 2010, no pet.) ...........................................................7

*Smith v. State*,
286 S.W.3d 333 (Tex. Crim. App. 2009)..............................................13

*Strickland v. Washington*,
466 U.S. 668 (1984) .................................................................. 13, 16

*Thompson v. State*,
9 S.W.3d 808 (Tex. Crim. App. 1999)................................................15

*Unkart v. State*,
400 S.W.3d 94 (Tex. Crim. App. 2013)..................................................6

*Valtierra v. State*,
310 S.W.3d 442 (Tex. Crim. App. 2010)..............................................5

*Weathersby v. State*,
627 S.W.2d 729 (Tex. Crim. App. 1982)..............................................14

*Wilkerson v. State*,
726 S.W.2d 542 (Tex. Crim. App. 1986),
cert. denied, 480 U.S. 940 (1987) ........................................................................14

*Williams v. State*,
417 S.W.3d 162 (Tex. App.—
Houston [1st Dist.] 2013, pet. ref'd) ...................................................................10

*Ybarra v. State*,
No. 14-03-00655-CR, 2004 WL 2401406 (Tex. App.—
Houston [14th Dist.] Oct. 28, 2004, pet. ref'd) ........................................... 8, 9, 11

*Young v. State*,
137 S.W.3d 65 (Tex. Crim. App. 2004) ................................................................16

*Zaiontz v. State*,
700 S.W.3d 303 (Tex. App.—
San Antonio 1985, pet. ref'd) ...........................................................................9, 10

## STATUTES

TEX. CODE. CRIM. PROC. ANN.
art. 2.01 (West 2005) ............................................................................................4

## RULES

TEX. R. APP. P. 33.1(a) ..........................................................................................5, 8
TEX. R. APP. P. 38.1(f) ...............................................................................................4
TEX. R. APP. P. 39 ...................................................................................................... i

**TO THE HONORABLE COURT OF APPEALS:**

## STATEMENT OF THE CASE

The State charged the appellant with the delivery of less than one-fourth of an ounce of marijuana, enhanced by one felony offense, and the jury found the appellant guilty (CR – 5, 41; 3 RR 22). In accordance with a plea agreement between the State and the appellant, the State abandoned the enhancement paragraph and the trial court sentenced him to 120 days in the Harris County Jail (CR – 43-44; 3 RR 25). The appellant filed a timely notice of appeal, and the trial court certified that he had the right to appeal (CR – 46-7).

## STATEMENT OF FACTS

On September 24, 2012, Officers Mark Ong and Rosalinda Ibanez of the Houston Police Department's (HPD) Narcotics Division conducted an undercover "buy-bust investigation" in an area well-known for narcotics trafficking (2 RR 58, 82-4-5). Ong and Ibanez were both dressed in plain clothes and rode in an unmarked vehicle (2 RR 64, 82). Ong noticed the appellant standing in front of a convenience store watching traffic and "not really doing anything" (2 RR 59-60). Ong associated this behavior with selling drugs (2 RR 60).

Ong approached the appellant and asked him for a "[twenty]-dollar bag of weed" (2 RR 60). The appellant responded in Spanish (2 RR 60). Ibanez, who

spoke fluent Spanish, then spoke with the appellant (2 RR 60, 88-9). Ibanez again asked the appellant for a "twenty" of marijuana, and the appellant told her he knew someone who sold "weed" (2 RR 86-7). Ibanez gave the appellant her phone number and told him to call her when he had some marijuana (2 RR 61, 87). As they drove out of the parking lot, Ibanez explained her conversation with the appellant to Ong (2 RR 61).

Approximately thirty minutes later, Ibanez received a call from the appellant who told her he had "it" (2 RR 61, 89). Ong and Ibanez drove back to the same location where they had met the appellant earlier that day (2 RR 61, 90). The appellant approached the passenger side of the vehicle where Ibanez was sitting (2 RR 61, 91). Ibanez handed him twenty dollars, and the appellant gave her a bag of a green leafy substance (2 RR 62, 91). Based on their training and experience, Ibanez and Ong immediately noticed the substance was marijuana (2 RR 62-3, 92). They made the bust signal and described the appellant to the surveillance team that was waiting two blocks away (2 RR 63, 92-3).

HPD Officer Kevin Hubenak, a member of the surveillance team, received the bust signal and description of the appellant (2 RR 117). Ibanez told him the appellant was a Hispanic male wearing a brown shirt and jeans (2 RR 117). Ibanez informed him that the appellant had just entered the convenience store (2 RR 117). Hubanek went in the store and found the appellant standing in line (2 RR 117).

2

Although there were a couple other patrons in the store, only the appellant matched the description Ibanez provided Hubanek (2 RR 118). Hubanek recovered the twenty-dollar bill Ibanez gave him to purchase the marijuana (2 RR 119). Hubanek confirmed the money's serial number matched the number written down before the exchange (2 RR 65, 93, 119). And he placed the appellant into custody (2 RR 120).

Ibanez submitted the marijuana to the HPD Crime Lab to be tested (2 RR 95-6). Angelica Noyola, a criminalist trained in detecting controlled substances, analyzed the evidence Ibanez submitted and determined it to be marijuana (2 RR 130-34). The marijuana weighed 0.11 ounces or 3.3 grams (2 RR 137-38).

## SUMMARY OF THE ARGUMENT

The prosecutor's voir dire examination did not improperly violate the appellant's presumption of innocence because his comments were general in nature and did not specifically refer to the appellant or his trial. Even if the comments were improper, they were not fundamental error; thus, the appellant's failure to object waived any complaint about the prosecutor's comments during voir dire.

Trial counsel cannot be ineffective for failing to object to a proper voir dire examination. Nevertheless, the appellant failed to rebut the presumption of sound trial strategy and failed to show how he was prejudiced.

## REPLY TO APPELLANT'S SOLE POINT OF ERROR

In a single point of error, the appellant contends that the prosecutor violated the presumption of innocence by informing the jury panel that he believed the appellant was guilty and that prosecuting him was the right thing to do. The appellant further contends that his trial counsel was ineffective for not objecting to this comment.[1]

### State's reply to the prosecutor's voir dire comments

At the beginning of the prosecutor's voir dire, he explained to the venire that he was a recent hire, that this was his first jury trial, and that he was excited to be there (2 RR 12-13). He showed the venire what the criminal code states regarding the role of a prosecutor: "It shall be the primary duty of all prosecuting attorneys … not to convict, but to see that justice is done." (2 RR 13); *see* TEX. CODE. CRIM. PROC. ANN. art. 2.01 (West 2005). The prosecutor explained that he was "excited about that because it [meant] that [his] job [was] to do the right thing." (2 RR 13). He stated that he did not have to prosecute someone that he did not believe was guilty, and could go forward only on those cases he believed in (2 RR 13).

---

[1] Although the appellant's point of error is multifarious and a vast majority of the argument centers on the prosecutor's voir dire comment, the State will address the appellant's complaint of ineffective assistance of counsel in the interest of justice. (App'nt Brf. 12-13); *see* TEX. R. APP. P. 38.1(f).

The prosecutor further told the jury panel that the current District Attorney Mike Anderson in a recent training session said that he was "thankful for this job and [his] position because [he] never [had] to try a case [he didn't] believe in." (2 RR 13). And because of these things, the prosecutor was glad to be there (2 RR 13).

**I.    The appellant failed to preserve any appellate complainant regarding the prosecutor's voir dire because he failed make a timely objection.**

The appellant argues that the prosecutor improperly injected his personal opinion that the appellant was guilty, therefore violating the presumption of innocence. (App'nt Brf. 9). But the appellant admits he failed to make any objections during the prosecutor's voir dire (2 RR 13). (App'nt Brf. 11). And any impropriety in a prosecutor's comment during voir dire is waived by not making a proper objection contemporaneously with the comment. *Briddle v. State*, 742 S.W.2d 379, 389 (Tex. Crim. App. 1987), *cert. denied*, 488 U.S. 986 (1988); *Beltran v. State*, 99 S.W.3d 807, 811 (Tex. App.—Houston [14th Dist.] 2003, pet. ref'd) (holding because the appellant did not object to a prosecutor's improper comment during voir dire, any error has been waived); *see also* TEX. R. APP. P. 33.1(a) ("As a prerequisite to presenting a complaint for appellate review, the record must show that: (1) the complaint was made to the trial court by a timely request, objection, or motion … and (2) the trial court: (A) ruled on the request,

5

objection, or motion, either expressly or implicitly; or (B) refused to rule on the request, objection, or motion, and the complaining party objected to the refusal.").

The appellant argues that this type of error does not require an objection because it is so egregious that it rises to the level of a fundamental error, citing *Blue v. State*, 41 S.W.3d 129, 132 (Tex. Crim. App. 2000) (plurality op.). (App'nt Brf. 11-12); *see also Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1984) (noting fundamental error must be so egregious it prevents a fair and impartial trial). But the Court of Criminal Appeals has since held that *Blue*, a plurality opinion, has no precedential value. *Unkart v. State*, 400 S.W.3d 94, 101 (Tex. Crim. App. 2013) (finding in *Blue* "it is not possible to ascertain a majority holding or the narrowest ground or rule that commands a majority of the court").

Additionally, the facts in *Blue* are distinguishable. In *Blue*, the trial judge made comments that the reason the jury panel waited so long was that the appellant was considering a plea offer from the State, and the judge would have preferred the appellant pled guilty. *Blue*, 41 S.W.3d at 130. And when discussing the appellant's right to remain silent, the trial judge presented a hypothetical in which a defense attorney puts Sister Teresa on the stand because no one thinks she would lie even though she previously admitted to her lawyer that she was guilty. *Id*. The court found that these remarks implicated the right to an impartial trial court because

they reasonably could be interpreted as the judge's predetermination of the appellant's guilt. *Id.* at 135–39 (Keasler, J., concurring).

Here, the appellant has not shown that the prosecutor's comments rose to the level of *Blue* (2 RR 13). The prosecutor's comments merely addressed his role and ethical duties generally, and do not rise to such a level as to vitiate the impartiality of the jury or bear on the presumption of innocence of this appellant. *See Murchison v. State*, 93 S.W.3d 239, 262 (Tex. App.—Houston [14th Dist.] 2002, pet. ref'd) (distinguishing *Blue*, holding there was no fundamental error in the trial court's remarks that conveyed the court was irritated at the defense attorney; thus, the appellant needed to object to preserve any error).

Furthermore, the appellant cites no authority in which similar voir dire statements were held to be fundamental error. *Cf. Beltran*, 99 S.W.3d at 811 (holding no fundamental error when a prosecutor's statement in response to a venire member's question indicated her personal opinion that defendant was guilty); *Schmidt v. State*, No. 09-09-00149-CR, 2010 WL 4354027, at *7 (Tex. App.—Beaumont Nov. 3, 2010, no pet.) (mem. op., not designated for publication) (holding no fundamental error or violation of the presumption of innocence when a prosecutor's answered a veniremember's concern about sitting in judgment of others with the fact that the jury would hear additional evidence at punishment).

Therefore, the appellant's failure to object waived any appellate complaint about the prosecutor's remarks.

Finally, the appellant's argument that the prosecutor improperly invoked the name of Mike Anderson to garner sympathy due to Anderson's life-threatening illness lacks merit for several reasons. (App'nt Brf. 10, 12). First, it is not preserved because the appellant failed to object. *See* TEX. R. APP. P. 33.1(a). Second, besides *Blue*, he failed to cite any authority to support this contention. (App'nt Brf. 10, 12). Finally, there is no evidence or mention by the prosecutor of Anderson's illness in the record. Thus, the appellant's sole point of error should be dismissed.

## II. The prosecutor's opening remarks in voir dire about his role and duty as a prosecutor generally were not improper.

The appellant argues that the prosecutor improperly injected his personal opinion that the appellant was guilty and therefore violated his presumption of innocence. (App'nt Brf. 9). But the prosecutor's opening remarks in voir dire were not directed at the appellant, and general statements that do not constitute a statement that the prosecutor believed the appellant was guilty are allowed (2 RR 13). *Mendoza v. State*, 552 S.W.2d 444, 446–47 (Tex. Crim. App. 1977); *Ybarra v. State*, No. 14-03-00655-CR, 2004 WL 2401406, at *3 (Tex. App.—Houston [14th Dist.] Oct. 28, 2004, pet. ref'd) (mem. op., not designated for publication); *see also Gordon v. State*, 191 S.W.3d 721, 726-27 (Tex. App.—Houston [14th Dist.] 2006,

no pet.) (holding the trial court's comments on how the criminal justice system generally operates did not address the appellant's guilt or innocence).

The appellant relies on *Beltran*, in which this Court held that the prosecutor's statement during voir dire that "[i]f I believed *the man* was not guilty I wouldn't be here" was improper. *Beltran*, 99 S.W.3d at 811 (emphasis added). But this Court later distinguished *Beltran*. *See Ybarra*, 2004 WL 2401406 at *2-3.

In *Ybarra*, the prosecutor stated during her voir dire, "I took an oath to see that justice is done and I take that oath very seriously. Sometimes it means I dismiss cases. Sometimes it means I plea bargain them and sometimes it means I take them to trial and fight tooth and nail for what I think is right." *Id*. at *2. This Court held that because this was a general comment it was not error. *Ybarra*, 2004 WL 2401406 at *3 (citing *Mendoza*, 552 S.W.2d at 446–47). But comments, like those in *Beltran*, that directly express the prosecutor's opinion that the defendant is guilty are improper. *Id*. at *2-3 (distinguishing *Beltran*, 99 S.W.3d at 811, and *Zaiontz v. State*, 700 S.W.3d 303, 307 (Tex. App.—San Antonio 1985, pet. ref'd)).

In reaching this conclusion, this Court relied on the Court of Criminal Appeals' holding in *Mendoza*. *Ybarra*, 2004 WL 2401406 at *3. The prosecutor in *Mendoza* stated during voir dire, "our staff, myself being one of its members, has the responsibility of seeing that the individuals who are guilty of criminal offenses are brought to trial, and hopefully brought to justice." *Mendoza*, 552 S.W.2d at

446. The court held that the prosecutor's general statement was not a statement that the appellant was guilty and thus not improper. *Id*. at 447. Therefore, although a prosecutor cannot inject personal opinion in statements to the jury, generalized statements are allowed.

In the present case, none of the prosecutor's comments were specific to the appellant or his trial, but rather were about the role and duty of a prosecutor generally (2 RR 13). At no point did the prosecutor state that he believed the appellant was guilty. When read in context with the rest of his introduction, the prosecutor merely expressed his general excitement about becoming a prosecutor and trying his first jury trial (2 RR 12). Even if the prosecutor implied that he believed in this case, that is not the same as telling the jury he believed the appellant was guilty. *Cf. Zaiontz*, 700 S.W.2d at 307 (finding the prosecutor's comment that he "wouldn't be here if [he] didn't believe the Defendant to be guilty" was improper); *Williams v. State*, 417 S.W.3d 162, 173 (Tex. App.—Houston [1st Dist.] 2013, pet. ref'd) (holding the prosecutor's statement to the venire that he would have dismissed the case if he believed the defendant was innocent constituted an improper expression of his opinion that the defendant was guilty).

Additionally, these comments are not reviewed in isolation. *See Mendoza*, 552 S.W.2d at 446-47 (noting that the prosecutor's comments viewed in isolation

10

may be misleading, but when looking at the voir dire as a whole, the prosecutor explained the presumption of innocence and the burden of proof). Here, after his introductory remarks the prosecutor went on to clarify the appellant's rights and the State's burden of proof (2 RR 14-15). *See id*. Additionally, his remarks were made before the jury was impaneled, and evidence adduced. *See Ybarra*, 2004 WL 2401406 at *3. Furthermore, the record reveals the jury received instructions from the trial court regarding the appellant's presumption of innocence and the State's burden of proof before deliberations (CR – 37-38; 3 RR 5-11). Moreover, any possible error would have been harmless. *See Mendoza*, 552 S.W.2d at 447. Thus, the prosecutor's comments in voir dire did not violate the appellant's presumption of innocence.

To support his contention, the appellant cites authorities addressing misconduct in jury argument. (App'nt Brf. 9-12) (citing *Fowler v. State*, 500 S.W.2d 643 (Tex. Crim. App. 1973), *Campos v. State*, 946 S.W.2d 414 (Tex. App.—Houston [14th Dist.] 1997, no pet.), *Johnson v. State*, 698 S.W.2d 154 (Tex. Crim. App. 1985), and *Clayton v. State*, 502 S.W.2d 755 (Tex. Crim. App. 1973)). But what is improper jury argument is different than what is an improper comment during voir dire. *See Jackson v. State*, 726 S.W.2d 217, 221 (Tex. App.—Dallas 1987, pet. ref'd) (noting "an improper statement during closing argument has a greater impact on the jury than the same statement made during voir dire

11

when much time still remains before deliberations."); *see also Mendoza*, 552 S.W.2d at 447 (noting that "[t]he conduct of the voir dire examination, including the opening remarks of counsel must rest largely within the sound discretion of the trial court.").

Even if this Court were to analyze voir dire examination the same as jury argument, the prosecutors' remarks in *Fowler*, *Campos*, *Johnson* and *Clayton* were all direct comments on that appellant's guilt. *See Fowler*, 500 S.W.2d at 643 ("I am certainly not going to prosecute a man that I don't feel in my own heart is guilty."); *Campos*, 946 S.W.2d at 416 ("We know he committed the murder or we wouldn't be here…ladies and gentleman, Abraham Campos, unfortunately, murdered Martin Rodriguez. I can't change that fact. I'm submitting it to your hands because I know it's the truth…"); *Johnson*, 698 S.W.2d at 167 (referring to the special issue question of provocation the prosecutor stated, "Now, if, I personally don't think there is…"); *Clayton*, 502 S.W.2d at 756 ("He couldn't pay me enough to come down here and prosecute a man I didn't know in my heart to be guilty."). Accordingly, *Fowler*, *Campos*, *Johnson* and *Clayton* are distinguishable from the present case. Thus, because the prosecutor's comments were not improper the appellant's sole point of error should be overruled.

***State's reply to the appellant's claim of ineffective assistance of counsel***

The appellant has failed to show that his trial counsel rendered a deficient performance that harmed the appellant. A claim of ineffective assistance is governed by the two-prong test set out in *Strickland v. Washington*, 466 U.S. 668 (1984). In order to prove an ineffective assistance claim, the appellant must first show that the trial counsel's performance was deficient. *Id.* at 687; *see Mitchell v. State*, 68 S.W.3d 640, 642 (Tex. Crim. App. 2002). Specifically, the appellant must prove by a preponderance of the evidence that the trial counsel's representation fell below the objective standard of professional norms. *Mitchell*, 68 S.W.3d at 642; *Smith v. State*, 286 S.W.3d 333, 340 (Tex. Crim. App. 2009). The appellant must also show that the deficient performance, affirmatively demonstrated in the record, prejudiced his defense. *Strickland*, 466 U.S. at 687. Prejudice is shown by the reasonable probability that but for his counsel's unprofessional errors, the result of the proceeding would have been different. *Mitchell*, 68 S.W.3d at 642.

In reviewing a claim of ineffective assistance, a reviewing court presumes a trial counsel's competence, and the appellant has the burden to rebut this presumption by proving that his attorney's representation was not sound strategy. *Miniel v. State*, 831 S.W.2d 310, 323 (Tex. Crim. App. 1992) (citing *Strickland*, 466 U.S. at 689). An appellate court looks to the totality of the representation, rather than isolated acts or omissions of trial counsel. *Wilkerson v. State*, 726

S.W.2d 542, 548 (Tex. Crim. App. 1986), *cert. denied*, 480 U.S. 940 (1987); *Rodriguez v. State*, 899 S.W.2d 658, 665 (Tex. Crim. App. 1995). And an appellate court does not judge trial counsel's decisions in hindsight. *Lopez v. State*, 343 S.W.3d 137, 142 (Tex. Crim. App. 2011).

The appellant argues that trial counsel was ineffective for failing to object to the prosecutor's introductory remarks in voir dire. (App'nt Brf. 12). But, as previously stated, the prosecutor's remarks were not improper, and trial counsel cannot be ineffective for failing to object to a proper voir dire examination. *See Ortiz v. State,* 93 S.W.3d 79, 93 (Tex. Crim. App. 2002) (holding when an ineffective assistance claim alleges that counsel was deficient in failing to object to the admission of evidence, the defendant must show as part of his claim that the evidence was inadmissible); *Ex parte White*, 160 S.W.3d 46, 53 (Tex. Crim. App. 2004) (noting "[t]o show ineffective assistance of counsel for the failure to object during trial, the applicant must show that the trial judge would have committed error in overruling the objection.").

Additionally, an isolated failure to object may not constitute ineffective assistance of counsel. *Ingham v. State*, 679 S.W.2d 503, 509 (Tex. Crim. App. 1984); *Weathersby v. State*, 627 S.W.2d 729 (Tex. Crim. App. 1982); *Cude v. State*, 588 S.W.2d 895 (Tex. Crim. App. 1979). When looking to the totality of counsel's representation, he made thirteen appearances, conducted a thorough voir

dire, effectively cross-examined the State's witnesses, and developed arguments for why the jury should have reasonable doubt (2 RR 35-40, 65-75, 97-108, 120-29, 138-146; 3 RR 11-15).

Furthermore, no direct evidence in the record established a reason that trial counsel did not object to the prosecutor's introductory remarks. And without a sufficient record as to why counsel did not object, the existing record does not rebut the "strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance." *Thompson v. State*, 9 S.W.3d 808, 813-14 (Tex. Crim. App. 1999); *see also Lopez*, 343 S.W.3d at 142-43 (noting it is difficult to demonstrate ineffective assistance of counsel on direct appeal); *Mallet v. State*, 65 S.W.3d 59, 63 (Tex. Crim. App. 2001) (noting a record on direct appeal cannot adequately reflect the motives behind trial counsel's actions). Therefore, counsel was not deficient.

The appellant speculates without providing any authority that the trial court would have granted a mistrial had his trial counsel objected to the prosecutor's remarks. (App'nt Brf. 12-13). But a reviewing court cannot speculate to what the trial court would or would not have done. *See Thompson*, 9 S.W.3d at 813 (finding that an appellant must *affirmatively* prove prejudice); *see also Mendoza*, 552 S.W.2d at 447 (holding that the trial court did not abuse its discretion when it chose not to dismiss the jury panel and grant a mistrial following the prosecutor's

15

remarks during voir dire pursuant to the appellant's request); *Young v. State*, 137 S.W.3d 65, 72 (Tex. Crim. App. 2004) (holding that the trial court did not err in denying the appellant's request for a mistrial following alleged improper voir dire comments because an instruction to disregard would have cured any resulting harm, where the appellant did not object or ask for such instruction and thus foreclosed his opportunity to cure any prejudice).

Moreover, the State's evidence was strong where two seasoned police officers identified the appellant as the person who they requested marijuana from, who called them, and who then sold them marijuana (2 RR 59, 83). Therefore, there is no reasonable probability that a new trial, absent the alleged error, would end in an acquittal. *See Strickland*, 466 U.S. at 695 ("When a defendant challenges a conviction, the question is whether there is a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt."). Accordingly, it is unlikely that the outcome would have been different in this case. Thus, the appellant has not shown counsel was ineffective.

# CONCLUSION

It is respectfully submitted that all things are regular and the conviction should be affirmed.

**DEVON ANDERSON**
District Attorney
Harris County, Texas


/S/ _Katie Davis_____

**KATIE M. DAVIS**
Assistant District Attorney
Harris County, Texas
1201 Franklin Street, Suite 600
Houston, Texas 77002
Telephone (713) 755-5826
Fax Number (713) 755-5809
Davis_Katie@dao.hctx.net
State Bar Number: 24070242

## CERTIFICATE OF SERVICE AND COMPLIANCE

This is to certify that: (a) the word count function of the computer program used to prepare this document reports that there are 3,745 words in it; and (b) a copy of the foregoing instrument will be served by efile.txcourts.gov to:

Sarah V. Wood
Assistant Public Defender
Harris County, Texas
1201 Franklin, 13th Floor
Houston, TX 77002
713-368-0016/p
713-368-9278/f
Sarah.Wood@pdo.hctx.net

/s/ _Katie Davis_____

**KATIE M. DAVIS**
Assistant District Attorney
Harris County, Texas
1201 Franklin Street, Suite 600
Houston, Texas 77002
Telephone (713) 755-5826
Fax Number (713) 755-5809
Davis_Katie@dao.hctx.net
State Bar Number:  24070242

Date:  January 26, 2015